## McMahon *v.* Henning, Receiver.

*(Circuit Court, D. Kansas.* July 30, 1880.)

1. MASTER AND SERVANT—NEGLIGENCE.—A master is liable for negligence in the use of defective machinery, whereby his servant was injured, although the negligence of a fellow servant contributed to the injury.

2. SAME—RECEIVER—COMP. LAWS OF KANSAS, (1879,) c. 84, § 29—*Quære,* whether a receiver, engaged in the operation of a railroad, is a "railroad company" within the meaning of section 29, *c.* 84, of the Compiled Laws of Kansas, (1879,) which provides that " every railroad company, organized or doing business in this state, shall be liable for all damages done to any employe of such company in consequence of any negligence of its agents, or by any mismanagement of the engineer or other employe, to any person sustaining such damage."

Motion for New Trial.

*Gage & Ladd,* for plaintiff.

*Pratt, Burmback & Ferrey* and *S. O. Thatcher,* for defendant.

McCRARY, C. J. The plaintiff sued defendant, as receiver of the Lawrence, Leavenworth & Galveston Railroad Company, to recover damages for personal injuries received while in defendant's employ. The defendant was, at the time of the accident, engaged in operating said railroad under an appointment from this court as receiver thereof. The plaintiff sought to recover upon two grounds—*First,* that his co-employe, one Bowles, who, at the time of the accident, was acting as yard master, was guilty of negligence in running certain cars, to be coupled together, at a great and dangerous speed, causing the injury to plaintiff, who was engaged in coupling; and, *second,* that defendant was guilty of negligence in using cars dangerous and defective in their construction, whereby plaintiff was injured. It was alleged that the coupling pin was old and bent, and that the bumpers were improperly constructed and located, and were thereby rendered exceedingly and unnecessarily dangerous. Issue was joined upon these allegations, the cause was tried before a jury, and there was a special finding by the jury as follows:

The jury was directed to answer the following questions: "If the jury find the defendant guilty of negligence, which

caused the injury to plaintiff, they will state in what it consists;" and the jury answered as follows: "*Answer.* That the coupling-pin was worn and bent, and that there was negligence on the part of Bowles, the yard master, in not doing his duty carefully, and in not informing plaintiff of his change of purpose in placing the cars, and in the use of the cars with this particular pattern of bumpers or dead-wood." The jury also find specially that the cars were not in good repair; that the coupling-pin was worn and bent; that the cars were not such as were generally in use on western roads; that the plaintiff's injury was in part caused by the use of defective bumpers; and that the bumpers used were more dangerous than others, by reason of being placed on the *side* of the draw bar instead of *above* it."

An act of the legislature of Kansas, entitled "An act to define the liability of railroad companies in certain cases," approved February 26, 1874, provides as follows: "Every railroad company organized or doing business in this state shall be liable for all damages done to any employe of such company in consequence of any negligence of its agents, or by any mismanagement of the engineer or other employe, to any person sustaining such damage." Comp. Laws of Kansas, 1879, c. 84, § 29, p. 784.

The defendant moves to set aside the verdict, and for a new trial, upon the ground that the court erred in charging the jury that the statute was applicable to the case; and he argues with much force that a receiver, engaged in the operation of a railroad, is not a "railroad company," within the meaning of the act. In the view I take of the case it is not necessary to decide this important question.

By the special finding the fact is established satisfactorily, I think, that the injury resulted from the negligence of the defendant in furnishing defective machinery for the use of his employes in performing the very dangerous duty of coupling cars. The coupling-pins were old and bent, and the bumpers or dead-wood were not properly arranged, so that the whole was cumbersome, inconvenient, and dangerous. This was a plain violation of duty on the part of the defendant.

Ordinary care clearly requires, of persons engaged in operating railroads, that they shall supply to their servants reasonably safe and convenient aparatus and machinery for use in the performance of their perilous duties. But it is also found that the negligence of Bowles, the yard master, and a co-employe of plaintiff, contributed to the injury, and it is insisted that it follows that plaintiff cannot recover unless he is within the provisions of the statute above quoted.

This presents the question whether, upon the facts found by the jury, the defendant is liable independently of the statute, and upon the principles of the common law. The rule of the common law is that a master is not liable to his servant for the negligence of a fellow servant, and it was to abrogate this rule, in the state of Kansas, that the statute was enacted. But the common-law rule has never, to my knowledge, been carried so far as to permit the master to exempt himself from the consequence of his own personal negligence by showing that one of his servants (not the party injured) has been likewise negligent. In the present case the master was negligent, while the plaintiff, the injured party, was not negligent.

This makes out a case at common law, notwithstanding the negligence of Bowles, the fellow servant. The plaintiff recovers upon the ground of the negligence of the defendant, which is, of itself, a good and sufficient ground. The doctrine of contributory negligence has no application to such a case. That doctrine applies only to cases of negligence on the part of the person injured.

The true doctrine of the common law is that the master is liable to his servants, as much as to any one else, for the consequence of *his own* negligence; and it is no defence for him to show that the negligence of a fellow servant (for which he was not responsible) also contributed to bringing about the injury. Shearman & Redfield on Negligence, § 89; *Fifield* v. *Northern R. Co.* 42 N. H. 225; *Hough* v. *Railway Co.* 100 U. S. 213; *Cayzer* v. *Taylor*, 10 Gray, 274; *Paulmier* v. *Erie R. Co.* 5 Vroom, (N. J.) 151, 157.

In *Cayzer* v. *Taylor* the supreme court of Massachusetts state the rule as follows: "But we are not prepared to say that if one

uses a dangerous instrumentality, without the safeguards which science and experience suggest or the positive rules of law require, he is not responsible for an injury resulting from such use because the negligence of one of his servants may have contributed to the result, or because a possible vigilance of the servant might have prevented the injury." 10 Gray, 281. That was a case in which a servant sued his master for injuries from the collapse of a steam boiler used in the defendant's manufactory, in which the plaintiff was employed.

Motion for a new trial overruled. An order for payment of the plaintiff's judgment will be entered.

FOSTER, D. J., *concurring.*