PAPWORTH, Respondent, vs. THE CITY OF MILWAUKEE, Appellant.

*October 17 — November 3, 1885*

MUNICIPAL CORPORATIONS: *Areas under sidewalks: Improperly protected openings: Primary liability for injury: Parties: Milwaukee city charter.*

1. A lot-owner, being the owner of the fee to the middle of the street, may construct vaults or other areas under the sidewalk with openings in the walk, if this is done in such a manner as not to interfere with or endanger public travel.

2. But such owner is liable in damages to any person traveling the sidewalk who may be injured by reason of his neglect to keep such openings properly and securely covered or otherwise protected.

3. Sec. 1, ch. 20 of the charter of Milwaukee (Laws of 1874, ch. 184) — providing that when any injury shall happen by reason of any defect in any sidewalk or other cause for which the city would be liable, and such defect or other cause of injury shall arise from the default or negligence of any person, such person shall be primarily liable for such injury, and the city shall not be liable therefor until

| | |
|---|---|
| 64 | 389 |
| 76 | 340 |
| 64 | 389 |
| 79 | 591 |
| 64 | 389 |
| 84 | 275 |
| 84 | 463 |
| 64 | 389 |
| d91 | 491 |
| 64 | 389 |
| 95 | 567 |
| 64 | 389 |
| 97 | 470 |
| 64 | 389 |
| a106 | 89 |
| a106 | 104 |
| 64 | 389 |
| 61 LRA | 587n |
| 61 LRA | 589n |

after all legal remedies against such person have been exhausted,—applies only when the default or negligence of the person was the *sole cause* of the injury.

4. Under the charter, therefore, when the actual neglect of the city (in this case the failure to keep the sidewalk itself in repair) concurs in causing the injury with the neglect of the owner to keep the opening properly protected, the action may be brought in the first instance against one or both of the wrong-doers, and in an action against either the wrongful act or negligence of the other is no defense.

APPEAL from the County Court of *Milwaukee* County.

Action to recover damages for an injury to the person of the plaintiff caused by her falling through a hole in a sidewalk in the defendant city. The material portion of the answer and the view taken by this court of the evidence, will appear from the opinion.

The county court instructed the jury as follows:

" 1. That the opening for vault purposes, made by Mrs. Kneeland, the owner of the premises, in the sidewalk thereon, at the time of its construction eleven years ago, in order to put in wood, coal and other articles of use for the occupant into the vault below, having been properly covered with a trap door, let into the walk at the time of its construction, and so as not then to impede public travel thereover, was not at that time in itself a nuisance; but as Mrs. Kneeland was the owner in fee to the center of the street, subject to the public easement or right of use for all legitimate purposes of travel, she had the right, for the beneficial uses and purposes I have mentioned, to make said opening if it was done and secured in a proper manner and so as not to interfere with or endanger public travel.

" 2. If such opening was so made and secured and brought down to an equal surface with the walk, and if the walk itself was then safe and secure and the door over the opening was so fastened and was as firm as the walk, then the city, in the absence of any corporate action opposing the

building of the same, or any opposition thereto, and permitting the public to use it, must be regarded as adopting this trap-door as part of the walk, and was under obligation to keep it, as well as the rest of the walk, in safe and suitable repair and security for public travel, and it would be liable for any damage resulting to a person lawfully walking over the same from such want of repairs; provided, the defendant city had prior notice of such condition of things in time to have made the same secure, and such notice may be actual or implied when such condition of things has existed long enough so that the city by its proper officers, in the exercise of ordinary care, ought to have known and discovered such want of repair in time to have made the repairs prior to the accident; provided always, that within sixty days thereafter plaintiff gave due notice of her injury to the defendant, stating the place where such damage occurred and describing generally the insufficiency and want of repair that occasioned the same, and stating in said notice that satisfaction was claimed therefor of the city, and claiming compensation for her damages, which notice and claim is admitted by defendant to have been duly given.

" 3. The greatest question in the case is whether or not this action should have first been brought against the lot-owner in front of whose premises this was constructed, and her remedies exhausted as against the lot-owner, before an action would lie against the city; that question has been argued fully by counsel on both sides to the court and, as you have learned before this, the court has come to the conclusion that this is not such a case as is contemplated by the charter that should first be brought against the lot-owner, before the action could be maintained against the city, and for the purposes of this trial you are to take that to be the law of this case.

"4. Although the costs and expenses of repairing and maintaining a sidewalk on a public street in the city of *Mil-*

*waukee* may be made chargeable to the lot of land abutting upon the same, yet the owner of such land is not personally liable for such neglect or refusal to repair such sidewalk or street which has become defective or out of repair by reason of ordinary wear or use by the public, or by the action of the elements, and no action at law can be maintained against such owner for damages for injuries sustained by another, resulting or caused by a defective sidewalk, when such defect is occasioned by public use or the action of the elements.

"5. The owner of a lot of land abutting upon a public street is not the custodian of the same and owes no duty to the public to keep the sidewalk or street in repair.

"6. The city of *Milwaukee* is made, by law, chargeable with the duty to keep the streets and sidewalks in repair within the corporate limits, and is solely liable for neglect of such duty to the person injured, whose injuries have been caused by defect or want of repair of such street or sidewalk, which is occasioned by the wear of public use or the action of the elements, and not by the unlawful act of the owner of the adjoining land."

The court refused to give the following instructions requested by the defendant:

"1. If you find from the evidence that the sidewalk, at the place of the accident to the plaintiff, was built by the owner of the adjacent lot and dwelling, over a hollow space several feet deep which was intended and used exclusively by said lot-owner and her tenants for their private convenience as a place for storing wood and coal, then it was the duty of such lot-owner and her tenants, keeping and using the premises, to keep said sidewalk over such hollow space in good repair, and they are primarily liable for injuries suffered by reason of their neglect to keep such walk in good repair.

"2. If you find that the owner of the lot and dwelling

fronting on the sidewalk at the place where the plaintiff was injured, cut a hole or opening in the surface of said walk, at the time said walk was constructed, for the exclusive use, benefit, and convenience of her tenants occupying said premises, through which wood and coal might be thrown into the hollow space under such sidewalk, and covered said hole or opening with a wooden trap-door which could be lifted up at pleasure, then such owner and tenants occupying said premises and using said opening were in duty bound to keep said opening and the trap-door covering the same in good condition as to repair, and they are primarily liable for any injury resulting from their neglect so to do.

"3. If you find from the evidence that the injuries sustained by the plaintiff were due to the existence of a hollow space under said sidewalk, several feet deep, kept and used for the sole convenience and benefit of the owner of the adjacent lot and dwelling and her tenants, then the city is not liable for such injuries until the plaintiff has tried, without success, to collect her damages therefor from the owner or occupant of such lot.

"4. If you find from the evidence that the plaintiff was injured by falling through a coal hole, made in the sidewalk by the owner of the adjacent lot, for the exclusive convenience and use of herself and her tenants, and covered with a trap-door, which had become unsafe and insecure, by reason of the decay of the supports under said door and of neglect to keep the said trap-door and its supports in suitable repair, then the owner or occupant of said lot is primarily liable for such injuries, and no action can be maintained therefor against the city until after the plaintiff shall have exhausted her remedies against such lot-owner or occupant."

There was a verdict for the plaintiff, assessing her damages at $875; a motion for a new trial was denied; and

from the judgment entered on the verdict the defendant appealed.

For the appellant there was a brief by *Robert Luscombe*, City Attorney, and *Joshua Stark*, of counsel, and oral argument by *Mr. Stark*. To the point that when a lot-owner makes an opening in the sidewalk to give access to the open area beneath, used in connection with the buildings on the lot, he or his tenants in possession, or both, are bound so to construct and guard such opening and the cover of the same, and so to maintain and keep them in repair, that the sidewalk shall be as safe for public passage as if such opening and area did not exist, they cited 2 Dillon on Mun. Corp. secs. 699, 700, 1032 *et seq.; Perley v. Chandler*, 6 Mass. 454; *S. C.* 4 Am. Dec. 159; *Lowell v. Spaulding*, 4 Cush. 275; *Dygert v. Schenck*, 23 Wend. 445; *S. C.* 35 Am. Dec. 575; *Durant v. Palmer*, 29 N. J. Law, 544; *Congreve v. Smith*, 18 N. Y. 79; *Congreve v. Morgan*, id. 84; *Irvine v. Wood*, 4 Robertson, 138; *S. C.* 51 N. Y. 224; *Irvine v. Fowler*, 5 Robertson, 482; *Davenport v. Ruckman*, 10 Bosw. 20; *S. C.* 37 N. Y. 574; *Clifford v. Dam*, 81 id. 52; *Stephani v. Brown*, 40 Ill. 428; *Severin v. Eddy*, 52 id. 189; *Gridley v. Bloomington*, 68 id. 47; *Fisher v. Thirkell*, 21 Mich. 1; *S. C.* 4 Am. Rep. 422; *Calder v. Smalley*, 23 N. W. Rep. 638. If the plaintiff has a right of action against the persons making and maintaining the opening, then sec. 1, subch. 20, ch. 184, Laws of 1874, is applicable, and she must exhaust her remedy against such persons before she can maintain an action against the city.

For the respondent there was a brief by *Nath. Pereles & Sons* and *E. P. Smith*, and oral argument by *Mr. Smith*. They argued, among other things, that the owner of a lot in the city of Milwaukee has the fee thereof to the center of the street (*Goodall v. Milwaukee*, 5 Wis. 32; *Milwaukee v. M. & B. R. Co.* 7 id. 85), and has the right to make any use of the land, subject to the public easement. Washburn on

Easements, 196; *Hundhausen v. Bond*, 36 Wis. 29. An excavation under the sidewalk and an opening in the walk, properly and safely constructed for the convenience of the owner, is not to be treated as a nuisance. *Clark v. Fry*, 8 Ohio St. 358; *Fisher v. Thirkell*, 21 Mich. 1; *Johnston v. Charleston*, 3 Rich. (N. S.), 232–9; *Lafayette v. Blood*, 40 Ind. 62; *Crosby v. Boston*, 118 Mass. 71, 73; *Fitzgerald v. Berlin*, 51 Wis. 81; *Waupun v. Moore*, 34 id. 452. The fact that the city charter and the ordinances provide for the regulation by the city of such structures and openings, is evidence that they are not nuisances *per se*, but are necessary and useful parts of the city's streets and sidewalks and, equally with the other parts thereof, within the city's care and control. The fact that the city had permitted the owner or occupant of the premises to make use of this trapdoor for so many years, is evidence of an implied license, if license was originally necessary, and the city cannot now question it. *Barling v. West*, 29 Wis. 308; *Smith v. Leavenworth*, 15 Kan. 81; *James v. Portage*, 48 Wis. 682; *Luck v. Ripon*, 52 id. 196; *Augusta v. Hofers*, 59 Ga. 151; 2 Dillon on Mun. Corp. sec. 1060; *Oliver v. Kansas City*, 69 Mo. 83. And the city must be deemed to have adopted the sidewalk, with the opening and its cover, as a part of the walks under its control. *Johnson v. Milwaukee*, 46 Wis. 568; *Seward v. Milford*, 21 id. 489; *Kelly v. Fond du Lac*, 31 id. 179; *Neeves v. Supervisors*, 46 id. 36; *Houfe v. Fulton*, 34 id. 608; *Everett v. Marquette*, 53 Mich.' 450. As to the constitutionality of a law making the lot-owners liable to others than the city for injuries resulting from a defective walk of which it has the care and direction, see *Noonan v. Stillwater*, 33 Minn. 198; *Keokuk v. Keokuk*, 53 Iowa, 352; *Taylor v. L. S. & M. S. R. Co.* 45 Mich. 74.

TAYLOR, J. This action was brought by the respondent against the city of *Milwaukee* to recover damages for an

injury sustained by her by falling through a sidewalk in one of the streets of said city.

It is admitted on the argument of the appeal in this court that if the city has any defense to the action of the respondent, it is under that part of its answer which reads as follows: "This defendant further alleges that the said sidewalk at the place aforesaid, in front of the premises known as No. 131 Third street, in said city of *Milwaukee*, was constructed and maintained by the owners or occupants of said premises, and that for their own use and convenience, without any order, directions, or permission of the defendant or the proper authorities of said city, they, the said owners or occupants, made in said sidewalk an opening near the curb line thereof, through which coal and wood might be thrown into the cavity or space beneath said walk, for the use of the occupants of said premises, and covered such opening with a trap, which was designed by them to make the said sidewalk complete and its surface even over the whole width thereof; and this defendant alleges that if any injury or accident occurred to the plaintiff at the time and place stated in her complaint by reason of any defect of the said sidewalk, the same occurred at the said opening therein made by the said owners or occupants of said premises, and was due solely to the said opening for a coal-hole in said sidewalk so made and maintained by said owners or occupants of said premises as aforesaid, and to the giving way and falling of the said trap covering said hole, and the cause of such injury or accident arose from and was produced by the wrong, default, and negligence of such owners or occupants in respect to such coal-hole and the trap covering the same, and not otherwise, and by law said owners or occupants were and are primarily liable for such injury; and this defendant alleges, upon information and belief, that no action or legal remedy has hitherto been commenced or attempted by the plaintiff to collect her damages for

such supposed injury from said owners or occupants, or any or either of them."

The claim of the counsel for the appellant is that the injury to the plaintiff was caused by the giving way of the trap covering a hole in the sidewalk, made therein by the owners of the adjoining lot for the sole uses and purposes of such owners and occupants; that the trap or covering of said hole gave way under the plaintiff as she was passing along said sidewalk and caused the injury complained of, and that such injury was not by reason of any defect or insufficiency of the sidewalk in any other respect; that because the injury to the plaintiff was so caused, the owners or occupants of said adjoining lot were primarily liable to the plaintiff for the injury done, and no action can be maintained against the city to recover damages for such injury until an action has first been commenced against such owners or occupants for her damages and an attempt made to collect such damages of them.

This defense is based upon a provision in the charter of the city of *Milwaukee* which reads as follows: "Whenever any injury shall happen to persons or property in said city of *Milwaukee* by reason of any defect or incumbrance of any street or sidewalk, alley or public ground, or from any other cause for which the said city would be liable, and such defect, incumbrance, or other cause of such injury shall arise from or be produced by the wrong, default, or negligence of any person or corporation, such person or corporation so guilty of such wrong, default, or negligence shall be primarily liable for all damages for such injury; and the said city shall not be liable therefor until after all legal remedies shall have been exhausted to collect such damages from such person or corporation."

This act has been under consideration in *McFarlane v. Milwaukee*, 51 Wis. 691; *Hincks v. Milwaukee*, 46 Wis. 559. This provision of the city charter was declared valid and

constitutional by this court in the case of *Hincks v. Milwaukee, supra,* and in that case a construction was given to it defining and limiting its application. The chief justice, who wrote the opinion in that case, says: "The plaintiff contends that this section does not apply to a case where the defect or obstruction in the street is produced by a party constructing a sewer or making some public improvement under a contract with the city; but was intended to include a case where the obstruction was placed in the street by the owners of adjoining lots while making some improvement for their own convenience or benefit, with which the city had nothing to do. We are inclined to think that this construction of the section is the proper one, and that it has no application to the case stated in the complaint. True, the language is quite broad; it speaks of a defect or other cause of injury produced by the wrong, default, or negligence ' of any person or corporation.' But these general words must, we think, be restricted to a case where the party causing the defect holds no contract relation with the city; as where the owner or occupant of the adjoining lot creates the nuisance, as in *Hundhausen v. Bond,* 36 Wis. 30, and where the city would otherwise be primarily liable to make such compensation in the absence of such a provision."

In *McFarlane v. Milwaukee, supra,* it was held that when the owner of an adjoining lot placed the dirt excavated from a cellar dug upon his lot in the street, without any authority from the city, such dirt so placed being the obstruction which caused the injury to the plaintiff, the case was within the statute, and no action could be maintained against the city without first bringing an action against the owner of the lot, who placed the dirt in the street. In the case of *Amos v. Fond du Lac,* 46 Wis. 695, under a similar provision of the charter of that city, it was held that the law did not apply to a case where an injury resulted from a defect in a sidewalk, not arising out of any partic-

ular or private use of such walk by the adjoining owner or occupant, although the charter required the adjoining owner or occupant to put the same in repair when notified so to do by the proper city authorities, unless the accident happened after a proper notice to repair had been given, and the time for making such repairs had expired before the accident occurred.

We think there can be no doubt, either upon authority or principle, that a person who places an obstruction in a street or sidewalk, when so placed for his private purposes. or convenience, is liable to every person who shall, without his own fault, be injured by reason of such obstruction, notwithstanding the city may also be liable for such injury for permitting such obstruction to remain in such street or sidewalk. See the list of cases cited by the learned counsel for the appellant in their brief in this case. This question was fully considered by this court in *West Bend v. Mann,* 59 Wis. 69, in which most of the cases cited by the learned counsel for the appellant were referred to by Justice Cassoday in his opinion, on page 72.

It must be considered settled law that an owner or occupant of a lot in a city who makes an opening in a sidewalk in front of such lot for his sole use and convenience, whether made with or without the assent of the city authorities, is under obligation to the public as well as to the city to see to it that such opening is kept securely covered or otherwise protected, so as to prevent injury to travelers upon such sidewalk, and that such owner is liable in damages to any and all persons traveling such sidewalk who may receive any injury by reason of the neglect of such owner or occupant in keeping such opening properly and securely covered or otherwise protected.

We are also of the opinion that if the evidence in the case at bar clearly established the fact that the injury to the plaintiff was caused solely because the owner or occupant of

the lot adjoining the sidewalk where the accident happened neglected to keep the trap or door over the hole referred to in such walk in good repair and safe condition, then such owner or occupant would be primarily liable to the party injured, and no action could be maintained against the city by the plaintiff until an action had been first commenced against such owner or occupant, and an attempt made to recover her damages of him; that such an obstruction or defect in the sidewalk is a defect or incumbrance of such sidewalk within the meaning of the provision of the city charter, above quoted, as construed by this court in the cases above cited. The learned counsel for the city, adopting this view of the case, insists that the judge of the county court erred in his instructions to the jury, as well as in refusing to give the instructions asked by the city.

The first instruction given to which exception was taken we think is good law, and no error was committed in giving it to the jury.

If, by the following part of the second instruction excepted to, viz.: "If such opening was so made and secured and brought down to an equal surface with the walk, and if the walk itself was then safe and secure, and the door over the same was so fastened and was as firm as the walk, then the city, in the absence of any corporate action opposing the building of the same, or any opposition thereto, and permitting the public to use it, must be regarded as adopting this trap-door as a part of the walk, and was under obligation to keep it, as well as the rest of the walk, in safe and suitable repair and security for public travel, and it would be liable for any damage resulting to a person lawfully walking over the same from such want of repairs," etc.,— it is meant that if the trap-door in the walk made for the owner's use and convenience solely was originally made safe and secure, there rested no obligation or duty on such owner or occupant, either towards the city

or the public, to see that thereafter such trap-door was kept in a safe and secure condition, then such instruction was erroneous, and ought not to have been given to the jury, if there was sufficient evidence in the case to call for the submission of the question to the jury whether the injury to the plaintiff was caused solely by the neglect of the owner or occupant of the lot in keeping such trap over the opening in the walk in a safe and secure condition.

Whether the third instruction excepted to was erroneous depends upon the evidence in the case, and it is correct if there is not sufficient evidence in the case to justify the submission of the case to the jury on the theory that the negligence of the owner or occupant of the lot in not keeping the trap in repair was the sole cause of the injury.

The fourth, fifth, and sixth instructions are not erroneous, because there can be no doubt of the liability of the city to the plaintiff if the injury occurred through the neglect of the city to keep the sidewalk generally in repair outside of the trap or hole in the walk.

The first and third instructions asked and refused we think were properly refused, as there does not appear to be any evidence in the case showing that the sidewalk was originally constructed above the surface of the ground for the convenience or use of the occupant or owner of the lot. The presumption from the evidence is that it was so constructed to bring it to the grade established for the walk at that place.

The second instruction asked should have been given if there was sufficient evidence in the case to justify the jury in finding that the accident happened solely on account of the want of repair of the trap.

The fourth instruction asked was properly refused upon the facts established in the case. The instruction asks the court to charge the jury that it was the absolute duty of the owner or occupant to keep the supports of the trap in re-

pair. It might not be his duty to do so when the supports of the trap were also the supports of the adjoining sidewalk, and it appears from the evidence that it was so supported in this case.

After a careful reading of the evidence in the case we think it clearly appears that the accident happened by reason of the want of repair of the sidewalk itself; at all events that such want of repair of the sidewalk contributed directly to the accident; and if such sidewalk had been in a reasonably safe condition the accident would not have happened on account of any shown defect in the trap-door, or by reason of any dangerous position of such door at the time of the accident. Under such a state of the proofs we think the court was justified in refusing to submit the question to the jury upon the theory that the neglect of the adjoining owner or occupant to keep such door in a secure and safe condition was the sole cause of the plaintiff's injury. If such neglect was not the sole cause of the injury, then the case does not come within the provisions of the charter above quoted, and the action was rightly brought against the city in the first instance.

Where the actual neglect of the city concurs with the neglect of the owner or occupant in causing the injury, the action may be brought in the first instance against one or both of the wrong-doers, and it is no defense to an action brought against either that the wrongful act or negligence of the other contributed to the injury. See *Stetler v. C. & N. W. R. Co.* 46 Wis. 497, 507, 508. We use the words "actual neglect" so as to distinguish it from that neglect of the city which may be implied by reason of its permitting the owner of the lot to maintain a dangerous opening in the walk, and for which the city would be primarily liable to the party injured thereby were it not for the provisions of the charter above quoted. This is in harmony with the construction given to this act by this court in *McFarlane v. Milwaukee*, 51 Wis. 691.

We think it is very clear from the whole evidence in the case that the accident would not have happened if the city had performed its duty in keeping the supports under the sidewalk, at the place where the trap was maintained in the walk, in suitable repair. Any errors of the learned county judge in giving and refusing instructions upon abstract principles of law not applicable to the facts which must control the verdict, could not have prejudiced the city.

*By the Court.*— The judgment of the county court is affirmed.