SHERMAN, Appellant, vs. THE MENOMINEE RIVER LUMBER COMPANY, Respondent.

*August 29 — September 18, 1888.*

*Master and servant: Injury from defective appliances: Contributory negligence of fellow-servant.*

An employer who has negligently permitted the use of a machine in doing his work, which, by reason of its defects, is unnecessarily dangerous to his employees, is liable for an injury resulting from its use to an employee who was not himself negligent, even though a co-employee was guilty of negligence in managing the machine, and if it had been carefully handled the accident would not have occurred.

APPEAL from the Circuit Court for *Marinette* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The plaintiff was an employee of the defendant, working for the latter in its mill-yard and in and about its mill; and while so working in its mill, and near a machine called

an edger, he was injured by a plank sixteen feet long and two inches thick, which was thrown backward from the edger. His place of work was behind and a little to one side of the edger. The plank which was thrown backward from the edger struck the appellant on his leg and so injured it that it became necessary to amputate it. Immediately before the plank was thrown backward from the edger, the plank, in its progress through the saws, stopped, and would not pass through. In order to relieve the machine, it became necessary to remove the plank therefrom, and in attempting to relieve the machine and remove the plank the plank was thrown back with great violence and struck the appellant. It was no part of the duty of the appellant to assist in relieving the machine or in removing the plank, nor did he in any way assist in that work.

The plaintiff in the circuit court (the appellant here) sought to recover upon two grounds: *First*. On the ground that the edger was out of repair at the time the accident happened; that its being out of repair rendered the machine unnecessarily dangerous to those using it or working in its vicinity; and that such want of repair of the machine was the proximate cause of the injury to the plaintiff. *Second*. On the ground that he was employed to work in the mill-yard, and not in the mill; that the work in the mill, assisting at the edger, was a much more dangerous employment than working in the yard; that he was wholly unacquainted with the dangers incident to working in the mill, and especially in working near the edger; that he was directed by some one having authority from the defendant to leave his work in the yard and assist at the edger; and that he was not warned by defendant or any of its managers, agents, or employees, of the dangers incident to the work about the edger.

Upon the trial in the court below the learned circuit judge, upon all the evidence, directed the jury to find a

verdict for the defendant. The plaintiff and appellant duly excepted to the direction of the court, and, after verdict, moved for a new trial, which was overruled, and exception taken. From the judgment dismissing the complaint with costs, the plaintiff appeals to this court, and alleges that the circuit judge erred in holding that, upon the whole evidence, there was no question of fact which ought to have been submitted to the jury, and that, as a matter of law, the defendant was entitled to a verdict.

For the appellant there was a brief by *Huntington & Cady,* and oral argument by *F. C. Cady.* To the point that an action will lie by a servant against his master for injuries received by the negligence of a co-employee, where the negligence of the master contributed to the injury, they cited *Wedgwood v. C. & N. W. R. Co.* 41 Wis. 482; *Stetler v. C. & N. W. R. Co.* 46 id. 510; *Keegan v. W. R. Co.* 8 N. Y. 180; *Paulmier v. E. R. Co.* 34 N. J. Law, 155; *Flike v. B. & A. R. Co.* 53 N. Y. 555; Deering on Negligence, 208; Wood on Master and Servant, 724.

For the respondent there was a brief by *Fairchild & Fairchild,* and oral argument by *H. O. Fairchild.* They contended, *inter alia,* that if there was any such want of repair in the edger as claimed, and it had the tendency, for that reason, to throw boards back, the failure to repair such edger was the neglect of a fellow-servant of the plaintiff and not of the master. The defendant having put a man in charge of that machine, and having provided agents and furnished all reasonable means for keeping it in repair, cannot be held liable for the neglect of such servants, the defendant being ignorant of the want of repair, and there being nothing to show that the defendant could by reasonable care have known it. *Chicago & A. R. Co. v. Stites,* 20 Ill. App. 646; *Reading Iron Works v. Devine,* 109 Pa. St. 246; *Wonder v. B. & O. R. Co.* 32 Md. 411; *Rice v. King Philip Mills,* 144 Mass. 229; *Hull v. Hall,* 78 Me. 114;

*Current v. M. P. R. Co.* 86 Mo. 62; *Canter v. Colorado U. M. Co.* 35 Fed. Rep. 41, and note. The negligence of the employee feeding the machine, and not the defect in the machine itself, was the proximate cause of the injury. See *Pease v. C. & N. W. R. Co.* 61 Wis. 163; *Lewis v. F. & P. M. R. Co.* 54 Mich. 55; *Philadelphia I. & S. Co. v. Davis,* 111 Pa. St. 597; *Atkinson v. Goodrich Transp. Co.* 60 Wis. 161.

TAYLOR, J. After a careful consideration of the evidence found in the record, we are of the opinion that the learned judge erred in holding — *first,* that there was an entire lack of evidence tending to show that the edger was out of repair at the time the accident occurred; and, *second,* in holding that if there was some evidence tending to show such defect in the edger, still the plaintiff could not recover, because the evidence conclusively showed that such defect, if it existed, was not the proximate cause of the plaintiff's injury. We think the evidence in the case on the part of the plaintiff tends to show that the edger was out of repair at the time the accident happened; and the whole evidence tends strongly to show that if it was out of repair as claimed by the plaintiff, then it was a much more dangerous machine to work with than though it had been in perfect repair. If it was out of repair as claimed by the plaintiff, then it is evident that the planks in passing through the machine would be much more likely to clog the machine and stop in their progress through it; and all the evidence tends strongly to show that the greatest danger in the use of the machine was present when it was necessary to remove a plank which stopped in the machine; that at such times the danger arising from planks being thrown backward from the machine usually occurred, and that it was almost impossible that that danger could arise except when an attempt was made to remove a plank which choked and stopped in the machine.

The learned circuit judge does not absolutely deny that there was any evidence tending to show that the machine was defective, nor that such defect tended to render its use more dangerous to those using it or working in its vicinity; but he takes the ground that, if it be admitted that the machine was defective and that such defect caused the plank which did the injury to clog the machine and therefore rendered it necessary for the persons in charge of it to perform the dangerous operation of removing the plank from the machine, still the plaintiff cannot recover, because the evidence clearly shows that it was the carelessness of the feeder of the machine in attempting to remove the plank which was the immediate cause of the accident, and, as the feeder was a co-employee of the plaintiff and his carelessness caused the injury, the plaintiff cannot recover.

We think it is clear from the evidence that if the machine was out of repair, as claimed by the plaintiff, then the use of it in the mill, even by the most careful men, was more dangerous to the men working in its vicinity than the use of a perfect machine. The defendant was culpable, therefore, in permitting the use of such imperfect machine. The dangers incident to the employment of those working in its vicinity were unnecessarily enhanced by its use. The evidence clearly shows that the greatest danger arises in the use of the machine when the saws for any reason become choked so as to render it necessary to relieve them by withdrawing the board or plank. And the evidence also shows that the accident which injured the plaintiff occurred at a time when an attempt was made to relieve the saws by removing a plank from the machine, which in some way had choked the saws or stopped in its regular progress through them. It is claimed by the plaintiff that the stoppage of the plank in its progress through the saws was occasioned by the defect in the machine, and so the unusual and unnecessary danger to those using or working near the machine was the direct result of the want of repair of the

machine; and we think, upon the whole evidence, it was a question for the jury to say whether the defect in the machine caused the plank to stop in its progress through it. ·

Now, if the defendant by its neglect has unnecessarily increased the danger attendant upon the use of the machine, it is liable for any injury to an employee, who is not himself guilty of negligence, resulting from the use of such imperfect and dangerous machine; and it is no excuse for the defendant that some one of its employees was careless in the use of such dangerous machine, and that if it had been carefully handled the accident would not have occurred. If the proof tends to show that the defect in the machine was the cause of the stoppage of the plank in its progress through the saws, and but for such defect the plank would have passed safely through, then it seems to us that the accident to the plaintiff, which occurred in attempting to remedy the difficulty which the defect in the machine had caused, was the direct result of the defective working of the machine. It is evident that there would not, in the case supposed, have been any accident had the machine been as perfect as it ought to have been. We think the learned circuit judge erred in holding that, because the evidence tended strongly to prove that the feeder of the machine was careless in attempting to remove the plank from the machine after it had stopped in its progress through the saws, the plaintiff could not recover, because the negligence which caused the accident was the negligence of a co-employee. We are of the opinion that the negligence of the co-employee of the plaintiff, under such circumstances, would not excuse the defendant, but would simply be negligence contributing to the injury caused by the negligence of the defendant, and both the co-employee and the defendant would be liable to the plaintiff. The culpability of the defendant lies in the fact that it permitted the use of a machine in doing its work, which, by reason of its defects, was

unnecessarily dangerous to its employees; and it cannot excuse itself by alleging that if it had been carefully used no accident would have happened to the plaintiff.

The position taken above, we think, is fully sustained by the authorities in this and other courts. In *Cayzer v. Taylor*, 10 Gray, 274, it is said: "We are not prepared to say that if one uses a dangerous instrumentality without the safeguards which science and experience suggest or the positive rules of law require, he is not to be responsible for any injury resulting from such use because the negligence of one of his servants may have contributed to the result, or because a possible vigilance of a servant might have prevented the injury. . . . To say that the master should not be responsible for an injury which would not have happened had a safeguard required by law been used, because the engineer was negligent, would be to say, in substance and effect, that he should not be liable at all for any injury resulting from the failure to use it." The rule laid down in this case is followed in *Avilla v. Nash*, 117 Mass. 318. The same rule is followed in *Paulmier v. E. R. Co.* 34 N. J. Law, 155; *Booth v. B. & A. R. Co.* 73 N. Y. 38; *Cone v. D., L. & W. R. Co.* 15 Hun, 172; *Grand Trunk R. Co. v. Cummings*, 106 U. S. 700; *McMahon v. Henning*, 1 McCrary, 516, 3 Fed. Rep. 353; *Boyce v. Fitzpatrick*, 80 Ind. 526; *Railway Co. v. Henderson*, 37 Ohio St. 549. The rule established by the above-cited cases has been approved by this court in *Stetler v. C. & N. W. R. Co.* 46 Wis. 497, 510, and 49 Wis. 609; *Schultz v. C., M. & St. P. R. Co.* 48 Wis. 375, 381; *Papworth v. Milwaukee*, 64 Wis. 389, 402. Although cases may be found which seem to lay down a different rule, we think the rule as stated in the case of *Cuyzer v. Taylor, supra*, was adopted by this court in *Stetler v. C. & N. W. R. Co., supra*, and is the rule which should govern in cases of a like nature.

We think there was sufficient evidence in the case to

carry the case to the jury upon the question whether the edger at the time of the accident was out of repair and consequently more dangerous to use than if in proper repair, and whether such want of repair caused the plank which did the injury to stop in its progress through the saws; and if these questions were found in favor of the plaintiff it would be no defense for the defendant that the feeder was guilty of negligence in attempting to remove the plank from the machine. In this view of the case, it is clear the learned circuit judge erred in taking the case from the jury and directing a verdict for the defendant. Whether the learned circuit judge erred in regard to the appellant's second ground for recovery need not be decided in this case, as we think the judgment should be reversed for the error committed in instructing the jury as to his first ground of action. The questions raised by the plaintiff's alleged second cause of action were somewhat discussed by this court in the case of *Cole v. C. & N. W. R. Co.* 71 Wis. 114.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

See note to this case in 39 N. W. Rep. 365.— REP.

<div style="text-align:right;">

| | |
|---|---|
| 72 | 129 |
| 78 | 11 |
| 72 | 129 |
| 92 | 313 |
| 72 | 129 |
| 114 | 64 |

