Lower, Respondent, vs. Whitney Bros. Company, Appellant.

*September 14—October 3, 1911.*

*Master and servant: Dangerous appliances: Reasonable anticipation of injury: Proximate cause: Assumption of risk: Remaining in service after promise to repair: Reasonable time: Questions for jury: Negligence of fellow-servant: Captain of vessel: Vice-principal.*

1. In an action for injuries alleged to have been sustained by the mate of a tug by reason of the owner's negligence in failing to furnish a proper tie line, evidence that the line was so short that its use was dangerous and would naturally and probably result in injury to a person trying to fasten it, and that defendant had knowledge of such danger long before the accident, is *held* to show clearly that defendant ought reasonably to have anticipated that an injury might result, and to sustain a finding by the jury that defendant's negligence was the proximate cause of plaintiff's injuries.

2. A finding that plaintiff did not assume the risk by remaining in the service longer than a reasonable time after he had notified the captain that the rope was dangerous and the captain had promised to get a new one, is *held* to be sustained by evidence showing, among other things, that such promise was made between 4 and 5 o'clock p. m. as the tug was entering the harbor; that it remained in the harbor until 10 p. m., when it went out on another trip and was not at the dock again until after the accident; that plaintiff was not with the tug at the dock on that evening; and that he did not know when he started on the trip in question that a new line had not been furnished.

3. The question whether an employee remained in the service longer than a reasonable time in reliance upon the employer's promise to repair or replace dangerous appliances is usually a question for the jury.

.4. Negligence of the captain of a tug in failing to furnish reasonably safe appliances for use thereon is negligence of the owner, and even though other negligence of the captain concurred therewith to cause an injury to the mate, such other negligence is not a defense.

Appeal from a judgment of the circuit court for Douglas county: Frank A. Ross, Circuit Judge. *Affirmed.*

This is an appeal from a judgment in favor of the plaintiff and against the defendant for $3,000 damages and costs. The plaintiff seeks to recover for an injury sustained on the 30th day of July, 1910, while in the employ of the defendant on a tug owned and operated by the defendant on Lake Superior and in the Bay of Superior. The plaintiff's claim is based upon the failure of the defendant to furnish a proper head rope or tie line for use on said tug with which to make the tug fast to scows or other vessels or docks; that said tie line was too short for the purpose, and in consequence of it being too short plaintiff was injured while engaged in making a line fast to the pawl post on the tug, the other end of said line being at that time fastened to a scow in tow by the tug. The jury returned the following verdict:

"(1) Did plaintiff suffer injury to his person while in defendant's employ on July 30th? *A.* (by the court). Yes.

"(2) Was defendant guilty of negligence in failing to furnish for plaintiff's use on the tug a head line of sufficient length to be reasonably safe for the use of its employees? *A.* Yes.

"(3) If you answer question 2 'Yes,' was such negligence the proximate cause of plaintiff's injuries? *A.* Yes.

"(4) Was plaintiff guilty of any negligence in the premises that contributed proximately to produce his injuries? *A.* No.

"(5) Had the plaintiff, prior to the time he was injured, assumed the risks incident to the use of the short head line? *A.* No.

"(6) What amount of money will compensate plaintiff for his injuries? *A.* $3,000."

Defendant moved for judgment notwithstanding the verdict, to correct the verdict, and for judgment on the verdict as corrected, which motions were denied and due exceptions taken. Judgment was entered in favor of the plaintiff upon the verdict, from which this appeal was taken.

*Solon L. Perrin,* for the appellant.

*W. P. Crawford,* for the respondent.

KERWIN, J. The assignments of error as stated by appellant in brief of counsel raise four propositions: (1) that the plaintiff failed to make out a case of actionable negligence; (2) that plaintiff had assumed the risk; (3) that plaintiff was guilty of contributory negligence; and (4) that the accident was due to the negligence of fellow-servants.

1. Under the first head it is argued that the element of reasonable anticipation is wanting, which is necessary to make actionable negligence, hence no negligence was shown; that negligence is the proximate cause of an injury only when the injury is the natural and probable result of it, and, in the light of attending circumstances, it ought to have been foreseen by a person of ordinary care that some injury would occur; and it is insisted that there is no evidence that defendant ought reasonably to have anticipated that an injury might

result to any person because of the short rope. At the time of the injury the plaintiff was mate on the tug Moose, owned by defendant. The tug was engaged in hauling gravel, sand, and timber, and in wrecking, and was run between Superior and the Gooseberry river, the river Brule, Oak Islands, and the Apostle Islands. The duties of plaintiff were to handle lines on deck and stand a watch of six hours off and six hours on when the boat was on the lake, and to work when necessary while the tug was in harbor. In fastening the scow to the tug the line is thrown over a post or hook on the side of the scow and is then made fast to a pawl post, which is a post bolted to the deck of the tug at the bow. The line is made fast to the pawl post by wrapping it around the barrel of the post, and is held in place by a half hitch. The evidence tends to show that the line used for this purpose had been broken several times, pieces taken off, was too short, and in consequence was not easily and safely tied to the pawl post, and was an unsafe appliance for the use intended; that at the time of the injury the tug was maneuvering a scow into the slip and was lying at about right angles to the scow; and that the loop or eye of the head line had been thrown over the timber head on the scow. Plaintiff was assisting in making the line fast to the pawl post, but on account of the shortness of the rope did not have enough to go around the post two or three times as it should—just enough to go around once. When the tug pulled on the line plaintiff's hand became caught and injured.

An examination of the evidence shows clearly that the contention that there was not sufficient evidence to prove negligence cannot be sustained. It appears that the use of this short line was dangerous and that the defendant had knowledge of such danger long before the accident; that the line was only twenty-five or thirty feet long when it should have been sixty-five or seventy feet; and that the shortness of it would naturally and probably injure a person trying to

fasten it, as it was insufficient to wind around the pawl post several times as was customary with a line of proper length. The finding of negligence is well supported by the evidence and the element of reasonable anticipation clearly shown. *Morey v. Lake Superior T. & T. Co.* 125 Wis. 148, 103 N. W. 271; *Coolidge v. Hallauer,* 126 Wis. 244, 105 N. W. 568; *Jackson v. Wis. T. Co.* 88 Wis. 243, 60 N. W. 430; *Sparks v. Wis. Cent. R. Co.* 139 Wis. 108, 120 N. W. 858.

2. Did plaintiff assume the risk? The plaintiff notified defendant that the rope was too short and was dangerous, and that some one would get hurt, whereupon the master promised to repair—that is, get a new line,—and plaintiff remained in the service relying upon such promise; and the only question under this head is whether plaintiff remained an unreasonable time. The promise to get a new line was made when the boat upon which plaintiff was engaged was entering the harbor. Plaintiff told the captain to get a new line or get a man to take his place, and the captain told him to do the best he could with this line for a while and that he would get new ones. This talk took place between 4 and 5 o'clock p. m. while the tug was in Hughitt Slip. The tug went from Hughitt Slip to Tower Slip and remained there until 10 p. m., when she went out and was not at the dock again until after the injury. She was on her return trip and just heading up to the dock when plaintiff was injured. The captain had charge of the tug, was in supreme command, and furnished the appliances and made the promise to get new lines. On the evening the promise was made the plaintiff was not with the tug at the dock, but went home for a couple of hours, with the consent of the captain, and was called by the captain by telephone and instructed to go to the captain's house and help the captain's wife with her children, as they were going down the lake with the captain. When plaintiff started on the trip he did not know that a new line had not been furnished.

There is ample evidence to warrant the jury in finding that

plaintiff did not remain longer than a reasonable time for defendant to fulfil the promise to provide a proper line.   It is contended that the time for fulfilment of the promise expired when the tug left the dock upon the trip during which plaintiff was injured.   It does not appear that a new line could have been secured upon the trip.   Whether the time is reasonable is generally a question for the jury.   *Ferriss v. Berlin M. Works,* 90 Wis. 541, 63 N. W. 234; *Maitland v. Gilbert P. Co.* 97 Wis. 476, 72 N. W. 1124; *Curran v. A. H. Stange Co.* 98 Wis. 598, 74 N. W. 377; *Yerkes v. N. P. R. Co.* 112 Wis. 184, 88 N. W. 33.

Counsel for appellant relies upon *Albrecht v. C. & N. W. R. Co.* 108 Wis. 530, 84 N. W. 882, as ruling this case.   In that case the servant was to make only one trip, and went out knowing the danger after remaining in the yard two hours in plain sight of the uncovered glass, after the engineer had promised to place a shield over it.   Plaintiff knew before starting that the place to procure the shield was at the roundhouse, where the engine was standing at the time complaint was made.   He was injured about three hours after the engine started.   So it will be seen that the *Albrecht Case* is quite different in its facts from the instant case.   In the instant case the danger was not so imminent, constant, apparent, and obvious as in the *Albrecht Case.*

In *Williams v. Kimberly & C. Co.* 131 Wis. 303, 111 N. W. 481, the plaintiff remained at work ten days after the promise, and it was held that it could not be said as matter of law that ten days was an unreasonable time.   See, also, 1 Labatt, Mast. & Serv. sec. 429 and cases cited; *Coolidge v. Hallauer,* 126 Wis. 244, 105 N. W. 568.

Counsel also relies upon *Erdman v. Ill. S. Co.* 95 Wis. 6, 69 N. W. 993, but it will be seen that in that case the decision turned upon the fact that it conclusively appeared that the danger was open, obvious, threatening, imminent, and constant, and of such a character that a prudent man would not.

Lower v. Whitney Bros. Co. 147 Wis. 41.

incur it. The court said: "It was negligent to the point of recklessness to work with such a defective saw at all, under the circumstances." In the case before us we think it clear that the question was for the jury.

3. It is further contended that the plaintiff was guilty of contributory negligence. The evidence fully supports the verdict that there was no contributory negligence on the part of the plaintiff. The only evidence of negligence appearing in the case is that species of negligence known as assumption of risk, and that issue has been found against the defendant upon sufficient evidence.

4. It is further insisted that the injury was caused by the negligence of a fellow-servant, the captain, hence there is no liability. This position is untenable. It was the duty of the defendant to furnish reasonably safe appliances, and the negligence of the captain in that regard was the negligence of the defendant. Assuming, but not deciding, that the captain was otherwise negligent than in failing to furnish a safe appliance, such negligence concurred with the negligence of the defendant in such failure and is no defense. *Winchel v. Goodyear,* 126 Wis. 271, 105 N. W. 824; *Howard v. Beldenville L. Co.* 129 Wis. 98, 108 N. W. 48; *Herring v. E. I. Du Pont de Nemours P. Co.* 139 Wis. 412, 121 N. W. 170; *Gorsegner v. Burnham,* 142 Wis. 486, 125 N. W. 914.

It follows that the judgment below is right and must be affirmed.

*By the Court.*—The judgment is affirmed.

BARNES, J., took no part.