SMITH, Appellant, vs. WINNEBAGO REALTY COMPANY, Respondent.

*February 18—May 14, 1913.*

*Master and servant: Injury from unguarded shaft: Evidence: Sufficiency: Concurrent neglect of fellow-servant: Appeal: Mandate: Proceedings after reversal.*

1. In an action for injury sustained by plaintiff while working in defendant's planing mill, the evidence—which tended to show, among other things, that in the discharge of his duty plaintiff got down on his knees under a lath machine to clear out a blower pipe, and while so engaged the machine was started by another employee; that as plaintiff raised himself up to get out of the way his sleeve was caught by the nut or burr on the end of the shaft upon which the saws were located, and was wound up so that his arm went into the saws; that as he raised himself up his arm came over to the end of the shaft and he knew the burr caught him because he felt a jerk and twist from it; and that there were sharp and jagged leaves of metal curled up on the burr, caused by the use of a cold chisel in taking off and tightening it—is *held* sufficient to sustain findings by the jury that plaintiff's arm was drawn into the saws in consequence of his clothing being caught by the jagged surface of the burr, and that defendant's failure to securely guard the end of the shaft was the proximate cause of the injury.

2. Since, under the circumstances, the injury would not have happened but for the failure to guard the shaft, the fact that negligence of a fellow-servant concurred will not defeat recovery.

3. Where the trial court, because it changed answers in the special verdict and rendered judgment for defendant, did not pass upon defendant's alternative motion for a new trial nor a motion that the damages be reduced, this court, upon reversing the judgment, remands the cause with directions to consider and determine whether a new trial should be granted, and, if not, whether the damages were excessive.

APPEAL from a judgment of the circuit court for Price county: MARTIN L. LUECK, Judge. *Reversed.*

This action was brought to recover for personal injury sustained in September, 1909, by plaintiff while engaged in de-

fendant's planing mill, which injury resulted in the loss of plaintiff's right arm and other injuries.

In defendant's mill was machinery used for the purpose of manufacturing patent lath, which consisted in part of a shaft with a couple of small saws thereon located about three and three-fourths inches from the end of such shaft, on the end of which shaft was a nut or burr having a rough, jagged surface caused by turning the nut on and off with a cold chisel. The claim of the plaintiff is that his shirt was caught on this burr or nut and wound onto the shaft and he was drawn against the saws and his arm cut off. The claim of negligence is that the defendant failed to securely guard or fence the burr end of the shaft. The answer was a general denial. The jury returned the following verdict:

"(1) Was the plaintiff's arm drawn into the saws in consequence of his clothing being caught by the jagged surface of the burr? A. Yes.

"(2) Was the end of the lath-machine shaft which held the burr so located as to be dangerous to employees in the discharge of their duties? A. Yes.

"(3) Was it practicable, in the operation of the lath machine, to securely guard the end of the shaft that held the burr? A. Yes.

"(4) Did the defendant fail to exercise ordinary care in failing to securely guard the end of the shaft? A. Yes.

"(5) Was the failure of the defendant to securely guard the end of said shaft the proximate cause of the plaintiff's injury? A. Yes.

"(6) Did any want of ordinary care on the part of the plaintiff contribute proximately to produce his injury? A. No.

"(7) Was the injury to the plaintiff caused wholly by negligence on the part of John Hanson, the operator of the machine? A. No.

"(8) What sum of money will compensate plaintiff for the damages sustained in consequence of the injury suffered by the plaintiff? A. $12,500."

The plaintiff moved for judgment on the verdict, which

was denied.   On motion of defendant the court changed each of the answers to questions 1 and 5 from "Yes" to "No" and ordered judgment in favor of defendant upon the verdict as changed, dismissing the complaint on the merits with costs. Judgment was rendered accordingly, from which this appeal was taken.

*W. K. Parkinson,* for the appellant.

For the respondent the cause was submitted on the brief of *Holland & Lovett.*

The following opinion was filed March 11, 1913:

KERWIN, J.   Error is assigned because the court below changed the answers of the jury to questions 1 and 5 of the special verdict.  It is insisted on the part of the appellant that the answers to these questions are supported by the evidence, therefore the court committed reversible error in changing them.   At the time of the injury the plaintiff was fifty years of age and had worked about machinery in mills for many years, but had never worked at a matcher machine until about two days before the injury.   The matcher machine stood east and west in the mill, was about sixteen feet long, and used for dressing and surfacing boards.   At the east end of this machine was a movable receiving table about sixteen feet long, on which the boards passed after going through the machine.   The machine was operated by two men, one at the west end feeding the boards into the machine, and the other at the east end, called the helper, who took the boards away as they came out of the machine.   At the east end of the machine was what is known as a patent lath attachment, which consisted of an arbor about thirty-three and one-half inches long, and held in place in an oblique position, north and south, the south or pulley end being twenty-two and the north end thirty-three inches from the floor.   On this arbor saws were put as needed, being passed over the north end of the shaft and held in place by collars and a nut screwed on the

end of the shaft. The patent lath attachment was seldom used, and when not in use the saws were removed and the arbor disconnected from the power. To the south of the arbor was a blower pipe, the mouth of the pipe being somewhat south of the saws as located on the arbor. The blower pipe was operated by a fan and designed to suck up sawdust and other refuse made by the lath saws or matcher. When lath were being made it was the duty of plaintiff to stand at the east end of the receiving table and take away the boards that came through the matcher and lath attachment and to keep the blower pipe from clogging, and when necessary reach in and free the pipe from obstruction. Plaintiff had been working about the matcher only two days before the injury and at the lath machine only about half an hour. Shortly after starting the machine a board slivered as it went from the matcher into the lath attachment and the machine was shut down to remove the slivers. The plaintiff, as helper, took out the slivers and then proceeded to examine the blower, which did not work. He stooped down under the lath attachment, and while brushing away the sawdust from the mouth of the blower pipe the feeder started the machine. The plaintiff was injured while getting out from under the lath attachment after the machine had started. The saws, two in number, were near the north end of the shaft and one and one-half inches apart. The shaft was one and one-fourth inches in diameter and about thirty-three inches in length. The saw nearer the burr on the north end of the shaft was six and the other eight inches in diameter. Between the burr end of the shaft and the smaller saw there were two collars, the one adjoining the saw being four inches in diameter. The saws were three or four inches from the burr end of the shaft.

1. By the first question of the special verdict the jury found that the plaintiff's arm was drawn into the saws in consequence of his clothing being caught by the jagged surface of the burr, and the court changed the answer. We think the

answer of the jury to this question is supported by the evidence, and the court erred in changing it. It is unnecessary to cite authority to the proposition so well settled in this court that if there be any credible evidence to support a finding of the jury it cannot be disturbed.

There is credible evidence tending to show that at the time of the injury plaintiff was in the discharge of his duty in examining the blower pipe and removing obstructions from the mouth thereof; that he got down on his knees under the lath attachment and under the burr or north end of the shaft to perform such duty, reached toward the pipe with his right arm, being on both knees and resting his left hand on the sawdust, when the machine was started by the feeder; that when the machine started it startled him and he got up out of the way, shoved back and raised up, and as he raised up his sleeve caught on the nut or burr on the north end of the shaft and was wound up so his arm went into the saw and was cut off; that as he raised up his arm came over to the end of the shaft; that he knew the nut caught him because it gave him a jerk and twist which he felt. The evidence further shows that there were leaves of metal curled up on the burr or nut, caused by the use of a cold chisel in taking off and tightening the burr. These leaves were from one eighth to one fourth of an inch in height and were sharp and jagged, and when the machine was in operation the shaft revolved with great rapidity.

It is insisted by respondent that the proof does not remove the case from the realms of conjecture, and that the evidence was not sufficient to warrant the jury in finding that the plaintiff was drawn onto the shaft in the manner found by the answer to the first question, and several cases are cited on this point. We do not think the cases cited are applicable here. There is direct and positive evidence that the plaintiff was caught upon the burr and drawn against the saw, which if believed by the jury is ample to support the finding. Nor

was this evidence inherently incredible as being physically impossible, as contended by counsel for respondent. *Nicoud v. Wagner,* 106 Wis. 67, 81 N. W. 999; *Salchert v. Reinig,* 135 Wis. 194, 115 N. W. 132.

2. Error is assigned on changing the answer of the jury to the fifth question of the special verdict. It is quite apparent from the decision of the trial judge that he changed the answer to the fifth question because of changing the answer to the first question. There being sufficient evidence to support the first finding, it is clear that the answer to the fifth question was right and should not have been disturbed.

The failure of defendant to properly guard the shaft was the cause, or at least a concurring cause, of the injury. Under the circumstances of the case the injury would not have happened but for the failure to guard the shaft, and the fact that the negligence of a fellow-servant concurred will not defeat recovery. *Sherman v. Menominee River L. Co.* 72 Wis. 122, 39 N. W. 365; *Schmolt v. H. W. Wright L. Co.* 145 Wis. 577, 130 N. W. 499; *Grant v. Keystone L. Co.* 119 Wis. 229, 96 N. W. 535; *McClure v. Sparta,* 84 Wis. 269, 54 N. W. 337; *Papworth v. Milwaukee,* 64 Wis. 389, 25 N. W. 431; *Atkinson v. Goodrich T. Co.* 60 Wis. 141, 18 N. W. 764; *Winchel v. Goodyear,* 126 Wis. 271, 105 N. W. 824; *Lower v. Whitney Bros. Co.* 147 Wis. 41, 132 N. W. 588; *Gorsegner v. Burnham,* 142 Wis. 486, 125 N. W. 914; *Sharon v. Winnebago F. M. Co.* 141 Wis. 185, 124 N. W. 299.

It follows that for the errors committed in changing the answers to the first and fifth questions of the special verdict and ordering judgment for the defendant there must be a reversal.

The record shows that the defendant, in addition to the motion that the answers to questions 1 and 5 be changed and judgment rendered on the verdict as changed, also moved for a new trial in case the motion to change the answers in the special verdict be denied, and, in the event of denial of the motion for a new trial, that the damages be reduced.

Gertz v. Milwaukee E. R. & L. Co. 153 Wis. 475.

The court, having granted the defendant's motion to change the verdict, awarded the defendant judgment upon the verdict as changed. The court therefore did not pass upon the motion for a new trial nor upon the question of reduction of damages.

Since the judgment below must be reversed for the errors before mentioned, the cause should be remanded to the trial court with directions to consider and determine, in its discretion, whether there should be a new trial, and, in case a new trial be denied, determine whether the damages are excessive, and for further proceedings according to law. *Stanley S. E. L. Cong. v. La Crosse S. R. & C. Co.* 148 Wis. 261, 134 N. W. 351.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for further proceedings as indicated in this opinion.

A motion for a rehearing was denied, with $20 costs, on May 14, 1913.