MEHEGAN, Executor, Respondent, vs. FABER, Appellant.

*October 29—November 17, 1914.*

*Death from negligence: Automobiles: Proximate cause: Intervening cause: Liability: Special verdict: Harmless error: Damages: Evidence: Privileged communications: Physicians.*

1. Where the person for whose death an action was brought was killed by an automobile driven by defendant, and there could be no doubt that if (as the jury found on sufficient evidence) defendant was negligent his negligence was the proximate cause of the death, the substitution of the word "a" for "the" in questions in the special verdict asking separately whether defendant's negligence and whether the negligence of another person was "a proximate cause of the death," was quite immaterial, since it could have had no possible effect on the jury.

2. Where negligence of the driver of an automobile and negligence of a pedestrian with whom he collided caused the automobile to strike and kill a third person, the fact that the pedestrian might also be responsible for the death would not relieve the driver from liability.

3. In an action for death of a person, the record of his examinations by the superintendent of a tuberculosis sanitarium in which he had been a patient, containing information obtained from him for the purpose of treating him, was properly excluded, under sec. 4075, Stats.

4. An award of $2,000 for the death of a person claimed to have been a consumptive with but a short time to live, is sustained on appeal, there being evidence tending to show that he did not have tuberculosis but was slowly recovering from a protracted illness at the time he was killed.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action for damages for death caused by an automobile. Eleventh and National avenues in the city of Milwaukee intersect one another, the former running north and south and the latter east and west. Defendant was driving his car south on Eleventh avenue. There was a street car standing on the south track on National avenue and somewhat to the west of the west line of Eleventh avenue. One Gertzke was

standing near the southwest corner of the block bounded by the north line of National avenue and the east line of Eleventh avenue. He started in a southwesterly direction on a fast walk or run to catch the street car. When at a place not far from the point of intersection of the center lines of the two streets, defendant observed Gertzke, and, realizing that a collision was imminent, and in an endeavor to avoid it, swung his car to the right. The collision was not avoided, however. Defendant apparently lost his head, and, failing to apply his brake, the car proceeded in a semicircular route toward the corner diagonally across from the one at which Gertzke stood. The left front wheel passed over the curb and the car ran into a pole located inside of and close to the curb and nearly on a line with the west boundary of Eleventh avenue. The decedent was apparently leaning against the pole and was crushed between it and the front end of the automobile. His executor brings this action in behalf of his heirs to recover damages for the loss sustained by his death. The jury returned the following verdict:

"(1) Was the defendant guilty of negligence in the operation of his car at the time and place stated in the complaint when it struck the deceased, James Mehegan? A. Yes.

"(2) If you answer the first question 'Yes,' was such negligence a proximate cause of the death of the deceased? A. Yes.

"(3) Was Gertzke in the exercise of ordinary care at the time he was struck by defendant's automobile? A. No.

"(4) If you answer question 3 'No,' was the failure of Gertzke to exercise ordinary care a proximate cause of the death of the deceased? A. Yes.

"(5) What sum will reasonably compensate the plaintiff as executor for the death of the deceased? A. $2,000."

The court set aside the answer to the fourth question in the special verdict on the ground that the element of reasonable anticipation was wholly wanting, and awarded judgment for plaintiff on the verdict as amended. Defendant appeals.

For the appellant there were briefs by *Burr J. Scott,* attorney, and *Lawrence A. Olwell,* of counsel, and oral argument by *Mr. Scott.*

*Charles M. Scanlan,* for the respondent.

BARNES, J.   The defendant urges the following contentions in support of a reversal of the judgment: (1) The verdict does not find that defendant's negligence was *the* proximate cause of the injury.   (2) The jury having found an independent ·intervening cause, to wit, the negligence of Gertzke, there can be no recovery against the defendant. (3) The court erred in excluding certain evidence offered. (4) The damages awarded are excessive.

1. Under the circumstances of this case, the substitution of the words *"a* proximate cause" for *"the* proximate cause," in questions 2 and 4, could have no possible effect on the jury. If defendant was negligent in running his car where he did (and it is conceded that the jury was justified in so finding), there can be no doubt that such negligence was the proximate cause of the injury.   There might be another proximate cause, but this one was established beyond controversy.

2. Under the findings of the jury in this case, two persons were guilty of distinct acts of negligence which resulted in the death of the deceased.   The fact that Gertzke might be responsible for the killing would not relieve the defendant from liability if he also was responsible for it.   An action would lie against either.   *Atkinson v. Goodrich T. Co.* 60 Wis. 141, 18 N. W. 764; *Haley v. Jump River L. Co.* 81 Wis. 412, 51 N. W. 321, 956; *Olson v. Phœnix Mfg. Co.* 103 Wis. 337, 79 N. W. 409; *Sherman v. Menominee River L. Co.* 72 Wis. 122, 39 N. W. 365; *Grant v. Keystone L. Co.* 119 Wis. 229, 96 N. W. 535; *McClure v. Sparta,* 84 Wis. 269, 54 N. W. 337; *Papworth v. Milwaukee,* 64 Wis. 389, 25 N. W. 431; *Winchel v. Goodyear,* 126 Wis. 271, 105 N. W. 824; *Lower v. Whitney Bros. Co.* 147 Wis. 41, 132

N. W. 588; *Gorsegner v. Burnham,* 142 Wis. 486, 125 N. W. 914; *Cook v. M., St. P. & S. S. M. R. Co.* 98 Wis. 624, 638, 74 N. W. 561. In the latter case it is pointed out when an independent intervening cause will defeat recovery. The present case does not fall within such class.

3. Deceased was a patient at the Wisconsin Tuberculosis Sanitarium for a time. He was examined by Dr. Coon, the superintendent of the institution, when he was admitted and from time to time thereafter, and a record was made of such examinations by the doctor. Defendant sought to introduce this record, but the court excluded it. Dr. Coon testified that the record contained the information that he obtained from the patient for the purpose of treating him as a physician. It is quite obvious that the record made by the doctor for this purpose was properly ruled out under sec. 4075, Stats.

4. It is argued that the deceased was a consumptive, having but a short time to live, and unable to contribute to the support of his family, and that the damages are clearly excessive. There was evidence tending to show that the deceased did not have tuberculosis and that he was slowly recovering from a protracted sickness at the time he was killed. The trial court expressed the opinion that the verdict was eminently just on the subject of damages, and it should not be disturbed by this court.

*By the Court.*—Judgment affirmed.