MANUEL AVILLA *vs.* NATHANIEL C. NASH & others.

Suffolk.    March 3. — 20, 1875.    MORTON & ENDICOTT, JJ., absent.

In an action by a servant to recover for a personal injury caused by the fall of an elevator used in the master's business for hoisting goods, and upon which the plaintiff was ascending at the time of the injury, there was evidence that the defendant had instructed his foreman to warn the men of a rule of the house against going upon the elevator. The judge instructed the jury that if there was such a rule, and the foreman neglected to give notice of it to the men, it was the fault of a fellow servant, and the plaintiff could not recover. *Held*, that the instruction was erroneous, and that the questions whether any precautions were required, and whether the instructions given to the foreman were a sufficient precaution, were for the jury.

TORT for personal injuries. The declaration alleged that the plaintiff was employed by the defendants in their sugar refinery, and, while in the performance of the duties of his employment and using due care, he was standing on an elevator in said refinery, which, and the apparatus and ropes of which, the defendants allowed to be in an unsafe, dangerous and unsuitable condition, of which the plaintiff had received from the defendants no caution, notice or instruction, whereby the same gave way and fell, and the plaintiff was injured. Answer, a general denial.

At the trial in this court, before *Endicott*, J., it appeared in evidence that the defendants owned a sugar refinery, in which was an elevator used for hoisting sugar from one story of the building to another; that the car of the elevator was suspended and raised by a single iron wire rope seven eighths of an inch in

diameter, which rope passed over two 24-inch sheaves and wound round a 26-inch drum ; that on November 16, 1872, the plaintiff, with three other men, had placed on the elevator an iron tank nearly filled with melted sugar; the tank and contents weighed about 2500 pounds, and the four men with the tank were ascending from the third to the fifth floor, when the wire rope broke, and the elevator with the men fell to the basement, injuring the plaintiff.

Evidence was introduced showing that it had been customary for the men to wheel tanks on to the elevator, and go up with them frequently for many months, up to the time of the disaster. The defendants' foreman testified that whenever he saw men riding on the elevator he notified them that it was against the rules of the house, and that they rode at their own risk. The plaintiff and two men who were on the elevator with him when it fell, all of whom had worked on the elevator several months, denied that any such notice had been given them or to any persons in their hearing.

Evidence was also introduced tending to show that the elevator was and had been in an unsafe condition, and also that the defendants' foreman had forbidden the plaintiff and others working with him to ride on the elevator, and notified them that it was against the rules of the house. All this was denied by the plaintiff, and the evidence as to the condition of the elevator and the notice to the plaintiff and others was conflicting and contradictory.

The defendants put up a printed notice after the injury, forbidding men to ride on the elevator, but there was none before. The defendants' superintendent testified that he had informed his foreman that it was against the rules of the house for men to ride on the elevator, and requested him to notify the men of the rule, but did not know whether the foreman actually did notify the plaintiff and other men or not.

The judge, among other rulings and instructions, instructed the jury as follows: " The rules of the defendants' house in regard to persons riding on the elevator have an important bearing on the questions of this case. If you find that it was the rule of the defendants' house that men should not ride upon the elevator, and if the defendants' superintendent instructed their foreman to give

notice of this rule to the men employed, and the foreman neglected to give this notice to the men employed on the elevator, then it was the fault of a fellow servant, and the plaintiff cannot recover."

The jury found for the defendants, and the plaintiff alleged exceptions.

*S. B. Allen*, (*J. D. Long* with him,) for the plaintiff.

*H. C. Hutchins & H. H. Currier*, for the defendants, cited *Farwell* v. *Boston & Worcester Railroad*, 4 Met. 49 ; *Hayes* v. *Western Railroad*, 3 Cush. 270 ; *Albro* v. *Agawam Canal*, 6 Cush. 75 ; *Gilman* v. *Eastern Railroad*, 13 Allen, 433 ; *Durgin* v. *Munson*, 9 Allen, 396 ; *Cooper* v. *Milwaukee Railroad*, 23 Wis. 668 ; *Rohback* v. *Pacific Railroad*, 43 Misso. 187 ; *Hall* v. *Johnson*, 3 H. & C. 589 ; *Howells* v. *Landore Steel Co.* L. R. 10 Q. B. 62.

WELLS, J. It is not clear from the report, nor from the declaration, upon what precise ground of liability the plaintiff sought to maintain his action. Assuming it to have been what is indicated by the instructions excepted to, to wit, that the defendants neglected to take proper precautions, in relation to the elevator, to prevent persons in their employ from using it in a manner and for a purpose for which it was not intended, and contrary to the rules of their business, their liability on that ground would depend upon three questions of fact : First, Whether the condition of the elevator, its relation to the business of the defendants, or to the work in which the plaintiff was engaged, and all the circumstances of the case were such as to require of the defendants some precaution against such improper use. Second, Whether they were guilty of neglect, either in not taking precautions, or in respect to the sufficiency of the precautions taken by them. Third, Whether the plaintiff was injured by reason of the want or insufficiency of such precaution.

The instructions were, in substance, that directions by the superintendent to the foreman, under whom the plaintiff worked, to warn the workmen of the rule against going upon the elevator, would be sufficient in law to exonerate the defendants. The case of *Durgin* v. *Munson*, 9 Allen, 396, chiefly relied on to support this ruling, decided merely that such directions were admissible in evidence upon the question whether the defendant had used

due precautions or was guilty of negligence in respect to the cause of the injury. We are of opinion that the question in this case should have been submitted to the jury as one of fact.

*Exceptions sustained.*