# Cases

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## October, 1890.

---

## CHARLES HANSEN, Appellant, v. CHARLES SCHNEIDER, JAMES R. MACK and JOSEPH H. OLCOTT, Respondents.

*Employee, injured by the fall of an elevator — when the employer is not liable because of there having been no safety clutch on it.*

In an action brought to recover the damages resulting from an injury occasioned to the plaintiff by the fall of an elevator in a building leased to the defendants, it appeared that the plaintiff, while in the employment of the defendants, was engaged in placing barrels upon the floor of an open elevator; that while he was endeavoring to start the elevator it was discovered that a brick had become wedged between the elevator and the wall, rendering the former immovable. A person working with the plaintiff, and with his knowledge and at his suggestion, left the elevator to remove the brick, and succeeded in removing it, whereupon, on account of the rope having been slackened in the previous effort to start it, the elevator at once fell into the basement, a distance of about eight feet, seriously injuring the plaintiff, who had remained in the elevator.

This elevator had not been supplied with any safety clutch, but the defendants, who were moving into the premises where the elevator was, were not shown to have had any knowledge of the fact that the elevator had not been provided with such clutch, and the premises had not been long enough in their possession, or subject to their inspection, to charge them with negligence for not ascertaining that this was its condition, there being no proof that the absence of the clutch was so obvious or conspicuous as to be readily seen by persons examining the lofts for the purpose of hiring, which was all that the defendants could have been assumed to have done.

*Held*, that the defendants could not, under such circumstances, be legally charged with negligence on account of the elevator not having been supplied with a safety clutch.

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on April 25, 1889, dismissing the plaintiff's complaint after a trial before the court and a jury at the New York Circuit.

The action was brought by the plaintiff, an employee of the defendants, to recover damages alleged to have resulted from an injury received by the plaintiff while in the defendants' employ, by reason of the fall of an elevator upon which the plaintiff was employed, which, it was alleged, had no safety appliances to arrest its descent in case of any accident happening to the machinery or roves or supports by which it was operated.

*John Brooks Leavitt*, for the appellant.

*Austen G. Fox*, for the respondents.

Daniels, J.:

The plaintiff a Dane, came to this country in 1882, and in December, 1885, he went into the employment of the defendants, at their factory, which was at No. 158 West Twenty-seventh street. He remained in that employment until the 1st of May, 1886, and on that day they commenced to move into the fourth and fifth floors of the next building. The plaintiff was directed to assist, and did so by sweeping up dust and gathering it in barrels.

He and another person in the employment of the defendants placed the barrels upon the floor of an open elevator to take them to the street, where they were unloaded, and the barrels returned to the elevator. The plaintiff, and the person with him also, went into the elevator and the latter endeavored to start it to go to the upper floors again. But the usual efforts for that object proved ineffectual. And then it was discovered that a brick had become wedged between the elevator and a wall rendering it immovable. The other person with the knowledge, and at the suggestion of the plaintiff, then left the elevator to remove the brick, and he did remove it, when, on account of the rope having been slackened in the previous effort to start it, the elevator at once fell into the basement, a distance of about eight feet, producing serious and lasting injuries to the plaintiff, who had all the while remained in the elevator. This elevator had not been supplied with a safety

clutch, which was described to be a bolt or ball connected with a heavy spring kept in tension by a rope, which when slack or broken permitted the spring to shoot the bolt into the slides in the side posts on which the elevator is guided, locking it firmly and immovably there.    And it was for the want of this appliance that the defendants were prosecuted to recover indemnity for the injuries.

But the defendants were not shown to have been aware of the fact that the elevator had not been provided with this or any other clutch.    And the premises had not been so long in their possession, or subject to their inspection, as to subject them to the charge of negligence for not ascertaining that this was its condition.    Their lease was dated the 13th of February, 1886, but their term or right of occupancy did not commence until the day of the plaintiff's injury.    And there was no proof that the absence of the clutch was so obvious or conspicuous as to be readily seen by persons examining the lofts for the purpose of hiring, which is the most they may be assumed to have done.    And if that were not the fact, then the defendants could not be legally charged with negligence on account of the elevator not being supplied with a clutch.    In this important respect this case differs from those specially relied upon to support the appeal.    For, in *Corcoran* v. *Holbrook* (59 N. Y., 517), the elevator was out of repair to the knowledge of the general agent, which the court held to be imputable to the defendants, rendering them liable to the charge of negligence.    In *Stringham* v. *Stewart* (100 N. Y., 516) the defendant was clearly liable for the condition in which the elevator had been maintained and allowed to be used. And in *Avilla* v. *Nash* (117 Mass., 318) the defendant was liable for allowing a defective elevator to be used, although that had been forbidden by a rule, but one which was systematically disregarded to the knowledge of the defendant.    There had been no such use, nor, indeed, any use, of this elevator by persons riding in it to the knowledge of either of the defendants.    And at the left side of the street entrance to the elevator a sign was up forbidding persons riding in this elevator, which was so placed and large enough in its lettering as to be observed by persons proposing to use the elevator And, although the plaintiff was a Dane, and not acquainted with the English language when he came into the country in 1882, it may be assumed, in the absence of evidence to the contrary, that he

had become sufficiently conversant with the language to enable him to read and understand this sign on the 1st of May, 1886.

By the lease to the defendants the elevators were to be used for freight only. And the fact that another elevator had been used in the other building by the workmen passing up and down, furnished no ground for assuming that this one might be so used, especially as this restriction of its use had been inserted in the lease.

The general rule undoubtedly is, as the plaintiff's counsel has insisted upon it, that the employer is bound to observe reasonable care and attention for the safety of the persons employed in using the apparatus and machinery provided for them. (*Washington, etc., R. R. Co.* v. *McDade*, 135 U. S., 554.) But in this case the evidence did not prove that the defendants had omitted the observance of this care, or that they knew of, or in any manner sanctioned the use of this elevator by their employees. There were no facts disclosed at the trial which would have sustained a recovery by the plaintiff.

The judgment should, therefore, be affirmed.

Van Brunt, P. J., concurred; Brady, J., dissented.

Judgment affirmed.