Darcey vs. Farmers' Lumber Co.

DARCEY, Respondent, vs. FARMERS' LUMBER COMPANY, Appellant.

*February 24 — March 16, 1894.*

*Master and servant: Injury to servant caused in part by uncovered saw: Knowledge of danger: Contributory negligence: Inconsistent verdict.*

1. An employer who was negligent in keeping a large rotary saw partially uncovered is not relieved from liability for an injury to an employee by the fact that an accidental slip of the employee's foot combined with said negligence of the employer to cause the injury.

2. In an action against an employer for an injury to an employee from an exposed saw, it was claimed that plaintiff was guilty of contributory negligence, in that he remained in the employment after he knew or ought to have known the risk which he incurred from such saw. The jury found in a special verdict that the danger from the saw was such as would be apparent to a person using ordinary care and observation in like situation with the plaintiff, and also that there was no contributory negligence on the part of the plaintiff. *Held,* that these findings were contradictory and that the verdict would not sustain a judgment for plaintiff.

APPEAL from the Circuit Court for *Lincoln* County.

Action for personal injuries. Plaintiff was an employee in defendant's sawmill, and had been such for about twenty days before the 15th day of July, 1891, when the injuries complained of occurred. He was twenty-three years of age. His duty was to take edging and slabs from a certain line of rollers and put them on the "slashing" table, in which were a number of "slashing" saws; and when at work he stood in an alley between the slashing table and the said line of rollers. Near him was a large rotary saw, called the "cut-off" saw, which revolved vertically, and was hung at right angles with the line of rollers, and projected into the alley in which plaintiff worked, but with room to pass along the alley; and this saw was at all times running at a high rate of speed. The plaintiff had no duties to per-

form in connection with this saw. This saw was completely boxed and guarded on the side next to plaintiff's position while at work, and so was the top and edge projecting into the alley; but, on the opposite side from where the plaintiff stood, the lower part of the saw, to the height of 23 inches from the floor, was not boxed, but was uncovered. The lower edge of this saw was two or three inches above the mill floor. When worthless logs were drawn into the mill, it was the duty of the plaintiff to assist certain other employees in removing the same by means of the dead rollers. He used a timber hook for this purpose, attached to the forward end of the log, and the other employees assisted by pushing at the rear end of the log. On the day in question he was assisting to remove such a log. In so doing he went around the saw to the side where it was exposed, and close to it, and took hold of the hook, and started to pull the log along. The log drew heavily, and in attempting to start it his foot slipped and went back under the saw, which cut off a part of the foot. Plaintiff testified that he knew that the saw was exposed, because he had seen it at different times. The negligence charged was in leaving the lower part of the saw uncovered.

The jury returned the following special verdict: "1. Could the plaintiff, by the exercise of ordinary observation and care, during the time of his employment in the defendant's mill, have seen and observed the exposed portion and unguarded condition, so far as it was unguarded, of the saw by which he was injured? A. (by the court), Yes. 2. Were the location, situation, and surroundings of the saw by which the plaintiff was injured, and the extent to which it was uncovered and exposed, known to the plaintiff prior to the time of such injury? A. (by the court), Yes. 3. Did the defendant exercise ordinary and reasonable care in keeping the saw upon which plaintiff was injured in the position and condition in which it was at the time of his

injury? *A.* No. 4. If you answer question No. 3 'No,' was such want of ordinary care the direct or proximate cause of the injury? *A.* Yes. 5. Were the dangers and risks to the plaintiff, by reason of the uncovered condition of the saw, such as would be apparent to a person using ordinary care and observation and having the knowledge and experience in sawmills which the plaintiff then had? *A.* Yes. 6. Was there any want of ordinary care on the part of the plaintiff which contributed to cause the injury sustained by him? *A.* No. 7. Was the injury which the plaintiff received the result of an accident occurring without negligence or want of ordinary care on the part of any person? *A.* No. 8. At what sum do you fix the amount of damages which the plaintiff sustained by reason of the injury he received? *A.* $3,000."

Judgment for the plaintiff was entered on this verdict, and defendant appealed.

For the appellant there was a brief by *Stark & Hansen*, and oral argument by *Joshua Stark.* They argued, among other things, that the servant is presumed to have contracted with reference to all hazards and risks ordinarily incident to the employment. Wood, Master & S. secs. 328, 382, 385; *Naylor v. C. & N. W. R. Co.* 53 Wis. 661; *Sullivan v. India Mfg. Co.* 113 Mass. 396; *Kelley v. C., M. & St. P. R. Co.* 53 Wis. 74; *Behm v. Armour,* 58 id. 1; *Hobbs v. Stauer,* 62 id. 108; *Stephenson v. Duncan,* 73 id. 404; *Sweet v. Ohio Coal Co.* 78 id. 127; *Corcoran v. Milwaukee G. L. Co.* 81 id. 191; *Paule v. Florence M. Co.* 80 id. 350. He is bound to the exercise of ordinary observation and care, and is held to have assumed not only such risks and dangers as are actually known to him, but such as he should have discovered by the exercise of such observation and care. *Goltz v. M., L. S. & W. R. Co.* 76 Wis. 136; *Gibson v. Erie R. Co.* 63 N. Y. 454; *De Forest v. Jewett,* 88 id. 264; *Balle v. Detroit Leather Co.* 73 Mich. 158; *Jenney E. L. &*

*P. Co. v. Murphy*, 115 Ind. 566; *Foley v. Jersey City E. L. Co.* 54 N. J. Law, 411; *Latremouille v. B. & R. R. Co.* 63 Vt. 336; *Quick v. Minn. Iron Co.* 47 Minn. 361; *Goodnow v. Walpole Emery Mills*, 146 Mass. 261; *Ciriack v. Merchants' Woolen Co.* id. 182; *Kean v. Detroit C. & B. Rolling Mills*, 66 Mich. 277; *Louisville, N. A. & C. R. Co. v. Corps*, 124 Ind. 427. The dangers and risks incident to the plaintiff's employment were so obvious that the defendant was not in fault for failing to call his attention to them. *Johnson v. Ashland Water Co.* 77 Wis. 51–4; *Ciriack v. Merchants' Woolen Co.* 146 Mass. 182; *Crowley v. Pacific Mills*, 148 id. 228; and other cases above cited. Upon the plaintiff's own showing, his injury was the result of a pure accident. *Buckley v. G. P. & R. Mfg. Co.* 113 N. Y. 540; *Sjogren v. Hall*, 53 Mich. 274; *Richards v. Rough*, id. 212.

For the respondent there was a brief by *Cate, Jones & Sanborn*, and oral argument by *G. W. Cate*.

WINSLOW, J. The appellant's contentions are two in number, and they go entirely to the merits of the case. They are: (1) That the plaintiff's injury was the result of a pure accident for which no one is responsible; (2) that, under the evidence and the verdict, the plaintiff must be held to have assumed the risk of injury from the saw.

1. We cannot assent to the proposition that this was a pure accident, for which no one can be held responsible. It is true that the slipping of the plaintiff's foot appears to have been purely accidental, for which neither he nor any one else can be said to be in fault. But the jury have found on the evidence that the keeping of the saw in its exposed condition was negligence on the part of the defendant, and that this negligence was the proximate cause of the injury. We cannot hold, as matter of law, that this finding is not justified by the evidence. It results, therefore, from the verdict and the evidence that the injury was caused by a

Darcey vs. Farmers' Lumber Co.

negligent act of the defendant, namely, the maintaining of the saw in an exposed condition, combined with an accidental slip of the plaintiff's foot, for which he was not in fault. Such a state of facts will not relieve the defendant from liability. *Dreher v. Fitchburg*, 22 Wis. 675.

2. Nor can we say, as matter of law from the facts, that the plaintiff assumed the risk of the accident from which he suffers. The plaintiff assumed only those risks and dangers which he knew, or which a person of reasonable care and prudence under like circumstances ought to have known and appreciated. Whether the risk from which plaintiff's injury resulted was such a risk is a question properly for the jury. However, there is a manifest inconsistency between the fifth and sixth answers of the verdict, which necessitates a reversal of the case.

In answer to the fifth question, the jury find that the dangers and risks from the exposed saw would be apparent to any person using ordinary care and observation in like situation with the plaintiff. This must include the risk from which the plaintiff's injury resulted, or else it is wholly irrelevant, and we so construe it. The question and answer, therefore, mean that the plaintiff was chargeable with knowledge of, and therefore assumed, the risk from which the accident resulted by remaining in the employment without objection. This is a form of contributory negligence. 2 Thomp. Neg. 1014, § 19; *Nadau v. White River L. Co.* 76 Wis. 120–131. In answer to the sixth question, the jury find that there was no contributory negligence on the part of the plaintiff.

Now, the only ground upon which it was claimed that contributory negligence could be imputed to plaintiff was (as charged by the court) that he remained in the employment after he knew, or ought to have known, the risk which he incurred. This makes it very clear that the sixth question and answer amount to a finding that the plaintiff was

not chargeable with knowledge of the risk. But we have seen that the fifth finding is a finding that he was chargeable with such knowledge. The direct contradiction between these two findings makes a judgment for the plaintiff on the verdict impossible, and a new trial must be had.

*By the Court.*— Judgment reversed, and action remanded for a new trial.