SHEPHERD, Respondent, vs. MORTON-EDGAR LUMBER COMPANY, Appellant.

*October 22—November 11, 1902.*

*Master and servant: Personal injury: Defective machinery: Pleading: Cause and effect: Assumption of risk: Contributory negligence.*

In an action for injuries sustained by plaintiff while working in defendant's mill at a planing machine having one set of knives above, and one set below, the table, the complaint alleges that plaintiff, being wholly unfamiliar with the machine, was set to work thereon; that the lower knives were entirely out of sight and about eleven inches from the rear end of the table and, being left unguarded through defendant's negligence, constituted a hidden danger of which plaintiff had no notice; that plaintiff necessarily went to the rear of the machine to pull boards through it and, while he was so engaged, without fault or negligence on his part his foot was caught and injured by said lower knives; and that by reason of defendant's said negligence and of his injuries plaintiff suffered a severe shock and permanent injury. *Held*, on demurrer:

(1) It is sufficiently alleged that the injury was caused by defendant's negligence.

(2) It does not appear that the danger was apparent so that plaintiff must be deemed to have assumed the risk; nor that he was necessarily guilty of contributory negligence.

APPEAL from an order of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

Appeal from order overruling general demurrer to the complaint in an action to recover damages for personal injury, substantially alleging that defendant owns and operates a mill for the planing of lumber, containing, among other things, a double planing machine, with one set of planing knives above, and the other below, the table; that plaintiff, being wholly unfamiliar with the machine, was set to work thereon; that the lower knives, revolving on an axis below the plane table, were entirely out of sight, and about eleven inches in from the rear end of the machine; that de-

fendant's duty was to keep said knives under the table cov-
ered from contact therewith, but that such duty was wholly
omitted; that said knives constituted a hidden and unseen
danger, of the uncovered condition of which plaintiff had no
warning or notice, and which he could not see or observe
prior to the time of the injury.   It is also alleged that there
was some want of repair in that part of the apparatus which
caused the boards to move along on the plane table and
through the planing knives, whereby it frequently became
necessary for an employee to go to the rear of the machine
and pull boards through.   This condition is also alleged to
be negligence.   That on the 27th of August, plaintiff, by
command of his superior, was doing this kind of work, and
"without any fault or negligence on his part, and without
any warning from the defendant or [its foreman], the foot
of plaintiff became caught by the knives of said lower head,"
whereby injury was done him.   Further, it is alleged "that
by reason of the said negligence and carelessness of the de-
fendant as aforesaid, and said failure of defendant to warn
plaintiff as aforesaid, and of said injuries as aforesaid, the
plaintiff suffered a severe shock and permanent injury," etc.

*T. L. Cleary,* for the appellant.

For the respondent there was a brief by *James O'Leary,*
attorney, and *Van Hecke & Smart,* of counsel, and oral argu-
ment by *Mr. O'Leary.*

DODGE, J.   The demurrer is supported by two contentions:
first, that the complaint fails to allege that plaintiff's injury
was caused by defendant's negligence; second, that it af-
firmatively discloses contributory negligence on plaintiff's
part.

We cannot but regard the first of these positions as hyper-
critical,—too much so to satisfy the rule of liberal construc-
tion commanded by sec. 2668, Stats. 1898.   There is the
express allegation that, by reason of the negligence and of his

injuries, plaintiff suffered shock and permanent injury; and, while this may be open to the construction that it only alleges the sequence of the shock and permanent injury from the accident, it is at least equally capable of meaning that plaintiff's injuries resulted from defendant's negligence. Further, however, it is alleged that the negligence consisted in leaving unguarded certain revolving knives, and that plaintiff's injuries were caused by his contact with such knives, which obviously could not have happened in the absence of such neglect. We are satisfied that the complaint sufficiently informed defendant that plaintiff asserted causal relation between the negligence described and the injury suffered.

The second contention is apparently twofold, involving both the claim that enough appears to show that the peril was apparent, and therefore assumed by plaintiff; also that the contact of defendant's foot with the knives was due to negligence on his part. Contributory negligence is a defense, and need not be negatived by the complaint. *Randall v. N. W. Tel. Co.* 54 Wis. 140, 147, 11 N. W. 419. Nevertheless, if there be alleged facts from which it is not reasonably possible to draw any inference other than contributory negligence, the complaint itself makes apparent that no cause of action exists, and a demurrer should be sustained. *Hazen v. West Superior L. Co.* 91 Wis. 208, 64 N. W. 857. Upon turning to the complaint, we find the fullest negation of obviousness of the defect and danger from which plaintiff suffered, as also of any knowledge of it on his part. It is alleged to have been hidden and concealed, and such that plaintiff could not see it. At this point appellant urges our attention to *Hazen v. West Superior L. Co.,* as supporting a conclusion, even on demurrer, that such allegations must yield to obvious fact, and that, notwithstanding them, the court must hold that the plaintiff could, and by exercise of reasonable care ought to, have observed the danger. In that case the danger and injury resulted from unguarded portions of revolving

saws *above* the table, on which plaintiff was required to place certain lumber, and to push same against the very portion of the saws complained of, and the court held that denial of knowledge of the danger from such saws was an absurdity. The distinction from the present situation is obvious. Here the unguarded portion of the knives from which plaintiff suffered were out of his sight, and below the table. Even if the ordinary laboring man must be charged with so much of ratiocination as to infer that, when he sees points of revolving knives above a table, there must be portions of those knives revolving below it, it does not follow that he must infer that they are negligently left unguarded, if so located as to be perilous to one performing the duties imposed on him. There is no such necessary inference, and we cannot say that plaintiff's allegations of absence of knowledge or means of knowledge are inconsistent with the other facts and conditions stated, if, as alleged, it was the part of ordinary care to keep knives so placed guarded and covered from contact.

Next, appellant contends that it is apparent that a man could not get his foot in contact with these knives, situated, presumably, two feet or more above the floor, and eleven inches in under the plane table, without negligence on his part; hence that we must hold that contributory negligence conclusively appears, notwithstanding the allegation to the contrary. As already stated, upon demurrer all reasonably possible inferences must be resolved in plaintiff's favor upon the question of contributory negligence,—a defense,—and any facts controverting its existence as to which the complaint is silent must be presumed to exist. Now, the facts stated are simply that plaintiff was pulling on reluctant boards, and his foot was caught by these knives. He may have been braced by his foot against the end of the planer, whence a slip might easily have sent it to contact with the knives, or he may have slipped and fallen to the floor, so that

a foot, flying upward, might reach them. Such events are so within the experiences of such employment that they should be in contemplation by both employer and workman. *Nadau v. White River L. Co.* 76 Wis. 120, 128, 43 N. W. 1135; *Darcey v. Farmers' L. Co.* 87 Wis. 245, 249, 58 N. W. 382. Nor can it be said, as matter of law, that they could not happen in the exercise of due care. It therefore is not beyond reasonable possibility that the plaintiff might have suffered the alleged injuries without negligence on his part, and we must agree with the court below in holding the complaint sufficient to state a cause of action.

*By the Court.*—Order overruling demurrer is affirmed.