PAUTZ, Respondent, vs. PLANKINTON PACKING COMPANY,
Appellant.

*April 21—May 8, 1903.*

*Master and servant: Negligence: Personal injuries: Proximate
    cause: Special verdict: Inconsistent findings: Assumption of
    risk: Contributory negligence.*

1. A machine for lifting animals in a packing house was so oper-
    ated that, on applying power to a wooden wheel and, with a
    lever, pressing the wooden wheel against an iron wheel, it
    caused the iron wheel to revolve and operate the hoist. There
    was evidence that the wooden wheel was much worn, and had
    a piece broken out of it so that when brought in contact with
    the iron wheel it revolved in an uneven and jarring manner,
    causing excessive strain which cracked the iron wheel. While
    raising a heavy animal the iron wheel broke and injured the
    employee. *Held,* that the defective condition of the wooden
    wheel was the proximate cause of the injury, and a finding to
    that effect in a special verdict is inconsistent with a separate
    finding, that the defective condition of the iron wheel was
    also the proximate cause.
2. Plaintiff, who had worked in the same business five years, and
    for a month previous to the injury had known the wooden
    wheel was defective and out of order, necessarily assumed the
    risk, and was guilty of contributory negligence.

APPEAL from a judgment of the superior court of Milwau-
kee county: ORREN T. WILLIAMS, Judge. *Reversed.*

This is an action for personal injuries sustained by the
plaintiff while in the employ of the defendant, as alleged in
the complaint, in its packing house, in what was known as the
"Beef Department," in slaughtering cattle. That the animal
to be slaughtered was first raised by means of a lifting ap-
paratus, consisting partly of friction wheels; one being a
large cast-iron wheel, with a groove in the middle of the outer
circumference, and a flange extending from it. That the
other was a wooden wheel connected with a lever and with
power-giving machinery. That by operating the lever the
wooden wheel, while revolving and in operation, was brought

in contact with its circumference, with the groove between
the flange and the iron wheel, causing the iron wheel to re-
volve and operate. That February 13, 1899, the iron wheel
was, and for a long time prior thereto had been, defectively
constructed, and was in a defective condition. That the iron
wheel was not true. That the groove did not afford an even
and equal resistance when operated upon by the wooden
wheel. That the iron wheel had a crack or crevice extending
from the outer edge of the flanges for a distance of from
one and one half to two inches downward. That the wooden
wheel at the date named, and for a long time prior thereto,
was also defective, in that a large piece thereof was broken
therefrom. That the outer surface of the circumference
thereof was uneven and worn so its operation in contact with
the iron wheel—producing friction necessary for the opera-
tion of the apparatus—it operated in an uneven and jarring
manner. That such defects in the two wheels when in opera-
tion caused an unusual, unnecessary, and excessive strain upon
the iron wheel. That on the day named a large beef had been
raised by means of said apparatus, and had been slaughtered,
and was being lowered by means of such apparatus, when the
iron wheel suddenly burst, causing a piece to be hurled with
great violence against the head of the plaintiff, cracking his
skull and injuring his brain and otherwise. That the iron
wheel had been worn out by long usage. That both wheels
were out of repair in the respects mentioned, and that by
reason of the fact that the wooden wheel was broken and de-
fective as stated, and by reason of the worn-out condition of
said wheels, and the unusual, unnecessary, and excessive
strain upon such wheels by reason of the defective condition
thereof, the iron wheel was caused to be broken, as stated,
with the results mentioned. That such defects were at the
time mentioned, and for a long time prior thereto had been,
within the knowledge of the defendant, but not within the

knowledge of the plaintiff, and could not have been discovered by him with the exercise of ordinary care.

The answer consists of admissions, denials, and counter allegations. It appears that the wooden wheel was about eighteen inches in diameter, and the iron wheel about five feet in diameter, and the groove in it about three and one half inches deep, and V-shaped. The wooden wheel was in constant revolution. When it was pressed against the iron wheel by means of the lever, the iron wheel was thereby made to revolve, and, by so doing,· wound up a rope upon a drum attached to the iron wheel. This rope, on being attached to the beef and wound up on the drum, raised the· beef; and when the beef reached the right height a brake was set to hold the iron wheel, and the lever was released, and that removed the wooden wheel from the iron one, so that the wheels were no longer in contact, but some inches apart. When the beef was to be lowered, the brake was loosened, and the weight of the beef caused the iron wheel to revolve in the opposite direction, and the rope to unwind from the drum.

At the close of the trial the jury returned a special verdict to the effect (1, by consent of counsel) that the plaintiff was injured February 11, 1899, in the slaughtering room of the beef department of the defendant's establishment, by being struck on the head by a piece of an iron hoisting wheel at the west hoist in said room; (2) that said iron wheel was defective or out of repair immediately before the plaintiff was injured; (3) and the defendant knew of such defect or want of repair, or, in the exercise of ordinary care, ought to have known of the same, in time to have remedied the same prior to the plaintiff's injury; (4) that such defect or want of repair was the proximate cause of the plaintiff's injury; (5) that the wooden friction wheel of said hoisting apparatus was defective or out of repair immediately before the plaintiff was so injured; (6) and the defendant knew of such defect,

or ought, in the exercise of ordinary care, to have discovered such defect, in time to have remedied the same prior to the plaintiff's injury; (7) that such defect in said wooden wheel was the proximate cause of the plaintiff's injury; (8) that the defendant did not exercise ordinary care in the inspection of said west hoisting apparatus immediately before the plaintiff was injured; (9) that the plaintiff was not guilty of any want of ordinary care which proximately caused or contributed to his injury; (10) that $2,000 would compensate the plaintiff for such damage as he sustained by reason of his injury. Thereupon judgment was entered upon such verdict in favor of the plaintiff for the amount stated and costs. From that judgment the defendant brings this appeal.

*Joseph B. Doe,* for the appellant.

*Edgar L. Wood,* for the respondent.

CASSODAY, C. J.    The result of three of the findings of the jury mentioned in the foregoing statement is that the iron wheel was defective, that the defendant knew or ought to have known of the defect, and that such defect was the proximate cause of the plaintiff's injury. The result of three of the other findings of the jury is that the wooden wheel was defective, that the defendant knew or ought to have known of the defect, and that such defect was the proximate cause of the plaintiff's injury. The defendant moved to set aside the verdict and grant a new trial on the ground, among others, that such findings were inconsistent and contrary to the evidence. The trial court apparently held that the verdict should stand, because it found two proximate causes of the injury. Counsel for the plaintiff contends that, "where two causes proximately contribute to produce a result, they are *concurrent,* and the person responsible for either cause is liable in damages." Among the adjudications cited in support of the proposition are *Houfe v. Fulton,* 29 Wis. 296; *Walrod v. Webster Co.* 110 Iowa, 349, 81 N. W. 598; *Thomp-*

*son v. L. & N. R. Co.* 91 Ala. 496, 8 South. 406; *Consolidated I. M. Co. v. Keifer,* 134 Ill. 481, 25 N. E. 799; *Herr v. Lebanon,* 149 Pa. St. 222, 24 Atl. 207. In this last case it was held:

"If two distinct causes are operating at the same time to produce a given result, which might be produced by either, they are concurrent causes. But if two distinct causes are successive and unrelated in their operation, one of them must be the proximate, and the other the remote, cause. In such case the law regards the proximate as the efficient and responsible cause, and disregards the remote cause."

Thus it has been held:

"When two causes co-operate to produce the damage resulting from a legal injury, the proximate cause is the originating and efficient cause, which sets the other cause in motion." *Lapleine v. M. L. & T. R. & S. Co.* 40 La. Ann. 661, 4 South. 875.

This court has repeatedly held:

"Neither time nor distance is an essential element of proximate cause, but it may be defined as the efficient cause—that which acts first, and, either immediately or through other causes set in motion by it, produces the result." *Deisenrieter v. Kraus-M. M. Co.* 97 Wis. 279, 72 N. W. 735; *Wills v. Ashland L. P. & St. R. Co.* 108 Wis. 255, 261, 84 N. W. 998. See, also, *McFarlane v. Sullivan,* 99 Wis. 361, 74 N. W. 559, 75 N. W. 71; *Langhoff v. M. & P. du C. R. Co.* 19 Wis. 489; *Id.,* 23 Wis. 43.

In the case at bar it is undisputed, that the hoisting machine in question was operated by means of power being applied to the wooden wheel, which was kept in constant revolution. The iron wheel was made to revolve by means of the wooden wheel being pressed against it, as indicated in the foregoing statement. It is alleged in the complaint, and there is evidence tending to prove, that at the time of the injury, and for a long time prior thereto, the wooden wheel was "defective, in that a large piece thereof was broken therefrom, and that the outer surface of the circumference was uneven

and worn so that in its operation, and especially when in contact with said iron wheel aforesaid, producing the friction necessary for the operation of said apparatus, it operated in an uneven and jarring manner, and that such defects in said wooden and iron wheels, when such wheel or wheels were in operation, caused an unusual, unnecessary, and excessive strain upon said iron wheel," and "that by reason of the fact that the said wooden wheel was broken and defective as above stated and by reason of the worn-out condition of said wheels, and the unusual and unnecessary and excessive strain upon such wheels, . . . said iron wheel was caused to be broken as aforesaid, with the results aforesaid." If such were the facts then there would seem to be no escape from the conclusion that the defect in the wooden wheel was the proximate cause of the plaintiff's injury. If such were the facts, then it was the defect in the wooden wheel which acted first, and set in motion the iron wheel, and first caused the crack and then the break in that wheel. The jury found that the defect in the wooden wheel was the proximate cause of the plaintiff's injury. That finding is inconsistent with the finding that the defect in the iron wheel was the proximate cause of the injury. Besides, the plaintiff testified to the effect that he "noticed the thumping that [the witness] Webber talked about" while he "was working at the hoister;" that he "knew it was the friction—it was worn out;" that he "did not know there was a piece out of the wooden wheel;" that he "had no business to try to find out what was the matter with it;" that he did not tell Harrison, the mechanical engineer, that "it was thumping and not working right;" that he did tell Schubert (who was engaged in oiling the hoisting apparatus) "about it about a month before the accident;" that he asked him why he did not "fix that hoist;" that the men had trouble and could not get the bullock up; that "it took two men at the lever to pull the bullock up;" that "Schubert said they would like to fix it" for him, but that "they did

not have the wood to do it;" that "the thumping went on after that for a month." If the defect in the wooden wheel was the proximate cause of the injury, then, with such knowledge on the part of the plaintiff of such proximate cause, it is difficult to perceive on what theory the jury could have found that the plaintiff was not guilty of any want of ordinary care which proximately caused or contributed to his injury. The plaintiff had worked for the defendant in the business for five years prior to the injury. He must be regarded as a man of ordinary intelligence and unterstanding. If the defect in the wooden wheel was the proximate cause of his injury, and he knew of such defect for a month prior thereto, then he necessarily assumed the risk, and was guilty of contributory negligence. We must hold that there was a mistrial in this case.

*By the Court.*—The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded for a new trial.