YESS, Appellant, vs. CHICAGO BRASS COMPANY, Respondent.

*February 22—March 14, 1905.*

*Master and servant: Negligence: Personal injuries: Assumption of risk: Proximate cause: Hidden danger: Failure to instruct.*

1. An employee in a mill must be deemed to have assumed the risk of injury by slipping on lubricating oil which had been allowed to accumulate upon the floor near the machine at which he was working, the presence of the oil and the danger therefrom being obvious.

2. It is not necessary that the proximate cause of an injury should be the immediate cause thereof, in order to warrant a recovery.

3. In the operation of a machine for winding into rolls thin bars or sheets of brass, the hands of the operator were expected to come in contact with it, but it could not be stopped while in use and under tension in case his hand got caught. An inexperienced employee, set to work at this machine, was not instructed as to this danger, but was told that he could stop the machine at any time by stepping on a certain lever. While operating the machine he slipped upon some lubricating oil on the floor, causing his hand to be caught in the machine, and, being unable to stop it by means of the lever, he was severely injured. *Held:*

(1) The oil on the floor, though it may have been the originating cause of the injury, could not be said, as a matter of law, to be the "efficient cause" thereof.

(2) The failure to notify the employee of the danger arising from the fact that the machine could not be stopped under such circumstances—that danger being a hidden one—was negligence on the part of the employer.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

This is an action for personal injuries sustained by the plaintiff while in the employ of the defendant in operating a brass rolling block machine in the defendant's brass rolling mill, May 22, 1902. Issue being joined and trial had, the court, at the close of the testimony on the part of the plaintiff, granted a nonsuit, and from the judgment entered thereon the plaintiff appeals.

The evidence, as stated on the part of the plaintiff, tends to prove that the machine so operated by the plaintiff consists in the main part of a short shaft about four feet long, at the end of which is a cylindrical block, made of wood, about eighteen inches long and eight inches in diameter. The block is set behind the large rolls and about three or four feet from them, and is used in winding into rolls the thinner bars of brass as they pass through the large brass rolls. The shaft and block is made to revolve or turn by means of two large pulleys on the opposite end of the shaft from the wooden block, which are connected by belts to pulleys on the main shaft above. These two pulleys are about ten inches apart and revolve in opposite directions. They are not so connected with the shaft as to impart motion to it, except by a clutch, which slides back and forth upon the shaft between the pulleys and engages with either of them. This clutch is so moved by means of a foot lever connected therewith and extending under the block at the opposite end of the machine, where it may be easily touched by the foot of the operator. Thus, when the clutch is moved so as to engage with the outer pulley, in which position it is kept by means of a spring unless moved therefrom by means of such lever, the block revolves so as to wind or coil up the bars of brass as they come from the rolls; but if the clutch is disengaged from the outside pulley by means of such lever, the block ceases to turn unless the clutch be moved by such lever over to and engaged with the

other pulley, in which case the block will be caused to revolve in the opposite direction, loosening and unwinding the roll of brass. The friction of the clutch upon the pulley is upon a bearing of about three quarters of an inch; that is to say, the surfaces of contact between the clutch and the pulley, or the surface of the recess in the clutch and the corresponding surface on the pulley, are each about three quarters of an inch in area, and each surface is curved and kept well oiled, so that a very slight pressure upon the lever will disengage the clutch from the pulley and stop or reverse the block as the same is used in the conduct of the defendant's business.

In using this machine the employee takes hold of the bar of brass near the end, after it has come through the rolls, and, as it is slowly rolled out, carries it under the block, and with the hands bends the end of the bar around the block, pressing it tightly to the block, and causing the end of the bar to become caught between the bar and the block at the point of contact on the under side of the block, and the bar to be rolled up. When the bar has been entirely rolled or coiled up on the block he touches the lever with his foot, thus disengaging the clutch from the pulley and stopping the block and permitting him to remove the roll of brass from it. It takes considerable strength to bend and hold the bar tight about the block in order to get it caught. The block revolves and runs away from the operator very slowly, the bar of brass passing from the rolls to it about as fast as a man walks slowly. These pulleys on the block machine are flanged so that the belts cannot be removed therefrom. There is no belt shifter or any other means of disengaging power from this machine except the lever shifting the clutch as described; and when the machine is engaged in winding or coiling a bar of brass it is impossible to disengage the clutch from the pulley on account of the great tension of the bar of brass as it is being wound up. There is then no other way of stopping the block than by cutting the belt transmitting power to it.

The defendant employed the plaintiff and set him at work at this block machine five or six weeks before the accident. He was inexperienced with machinery, and particularly with this block machine, and knew nothing about its operations or its dangers. The plaintiff had not applied for such work, and the defendant directed one familiar with the operation of the machine to instruct him how to run it. The plaintiff was given no instruction as to such impossibility to stop the machine when in operation, but, on the contrary, was told that when he wanted to stop the machine all he had to do was to put his foot on the lever disengaging the clutch. The plaintiff believed from what he had been told that he could stop the machine instantly, at any time, by placing his foot upon the lever. He had no occasion to attempt to stop the machine while it was engaged in winding brass, and knew, moreover, that to stop the machine at such a time would cause serious trouble in his work. The defendant and its foreman knew that the machine could not be stopped when in use and under tension.

The plaintiff worked at this machine the greater part of the time for five or six weeks immediately before the accident. On the morning of that day, just as he was bending a bar about the block and holding it so that it would become caught and rolled up, his foot slipped on a small quantity of oil on the floor near the machine, causing his hand to slip between the bar and the block. He immediately pressed upon the lever with his foot, and then he jumped on it with both feet, and learned for the first time that it was powerless to stop the machine. Up to the time he had stepped upon the lever with both feet only his hand was caught, and that was not injured. But the machine could not be stopped until several minutes after, and then was stopped by cutting the belt with a pocket knife, after the plaintiff's arm had been slowly wound up, broken in several places and greatly mangled, and his body had been turned about the block three times and

seriously injured by striking against the machine. The plaintiff testified that he was not aware of this oil upon the floor on that day until after he was injured. It was lubricating oil which had been used, and undoubtedly came from the oil cup under the shaft hanger, which was above the place where the plaintiff worked, and which was permitted to overflow.

*Norman L. Baker,* for the appellant.

For the respondent there was a brief by *Peter Fisher,* attorney, and *Kearney, Thompson & Myers,* of counsel, and oral argument by *Mr. Fisher* and *T. M. Kearney.*

CASSODAY, C. J. It is alleged in the complaint that the defendant was negligent in failing to furnish the plaintiff with a reasonably safe place in which to work while operating the machine, by allowing oil to accumulate upon the floor; also that the defendant was negligent in setting the plaintiff at work upon a machine which could not be stopped when in use under tension, and failing to instruct him that it could not be stopped when so in use, and instructing him that it could be stopped by means of the lever mentioned in the foregoing statement of facts. In opening the case to the jury the plaintiff's counsel claimed that each of such two grounds of negligence was the proximate cause of the plaintiff's injury. Thereupon counsel for the defendant gave notice that they would object to any evidence tending to prove two different proximate causes of the injury, not concurrent, and demurred to the complaint *ore tenus* on that and other grounds. The court reserved its ruling.

Testimony was then given on the part of the plaintiff as indicated in the foregoing statement. Among other things it tended to prove that the machine could not be stopped, when under tension, except by breaking or cutting the bar that was being wound up or cutting the belt; that the plaintiff was not instructed as to that fact, and had no information in respect

to it until the accident in question; that he was told by the defendant's superintendent that the way to stop the machine was to put his foot on the lever. That was true when the machine was not under tension, but was not true when the machine was under tension, as indicated in the foregoing statement.

At the close of the direct examination of the plaintiff in his own behalf, the court, on motion of the defendant, struck out all testimony concerning the alleged failure of the defendant, its officers or agents, to inform the plaintiff as to the manner of operating the machine, for the reason that under the pleadings and the law, upon which the plaintiff must rely, the proximate cause of the plaintiff's injury was the presence of oil upon the floor upon which the plaintiff slipped at the time of the accident. Subsequently other testimony on the part of the plaintiff was excluded on the same ground. At the close of all the testimony on the part of the plaintiff his counsel asked to have stricken out of the record what appeared to be his statement at the opening of the trial respecting two proximate causes of the injury, for the reason that it did not contain all that he had said at the time, in that it failed to state that he relied principally upon the negligence of the defendant in furnishing an unsafe machine and failing to instruct the plaintiff of its dangers. Thereupon the court granted the defendant's motion for a nonsuit, based upon the pleadings as explained by the plaintiff's counsel at the time of opening the case to the jury.

1. That motion was manifestly granted on the ground that such presence of oil upon the floor was so obvious to any man of ordinary intelligence, during the five or six weeks the plaintiff had worked upon the machine, that he knew or ought to have known of its presence and the danger of slipping thereon; and hence that he must be deemed to have assumed the risk. *Stephenson v. Duncan,* 73 Wis. 404, 41 N. W. 337; *Peterson v. Sherry L. Co.* 90 Wis. 83, 62 N. W. 948; *Hazen*

*v. West Superior L. Co.* 91 Wis. 208, 64 N. W. 857; *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573; *Foss v. Bigelow,* 102 Wis. 418, 78 N. W. 570; *Sladky v. Marinette L. Co.* 107 Wis. 260, 261, 83 N. W. 514; *Koepcke v. Wis. B. & I. Co.* 116 Wis. 92, 92 N. W. 558. It follows that, however negligent the defendant may have been in allowing oil to accumulate upon the floor, it was no ground for recovery in this action. Nevertheless, it was one of the facts in the case tending to show the circumstances under which the plaintiff was required to operate the machine.

2. The important question in the case is whether it was error to exclude testimony tending to prove that the machine could not be stopped while in use and under tension, and that the defendant failed to inform the plaintiff of that fact, and that the instructions given were to the contrary. Such ruling is claimed to be justified by a recent decision of this court. *Pautz v. Plankinton P. Co.* 118 Wis. 47, 51, 94 N. W. 654. In that case the defective wooden wheel transmitted power to the defective iron wheel which broke; and it was held that the defective wooden wheel was the sole proximate cause of the injury—that it was the originating and efficient cause which set the defective iron wheel in motion and produced the result. We have no such condition here. The oil on the floor may have made the place more dangerous for the plaintiff to do his work in. The same would be true of exposed machinery or other obstructions. There was no defect in the machine itself. It moved very slowly, and in the direction from the operator whose hands were expected to come in contact with it. The danger consisted in the inability to stop the machine while under tension in case his hand got so far into the machine as to be caught. The oil on the floor did not create that danger. Nor was there any necessary or natural causal connection between the oil on the floor and such inability to stop the machine. The oil on the floor may have been the originating cause of the plaintiff's injury, but we cannot

say from the evidence, as a matter of law, that it was "the· *efficient* cause" of the injury, as defined by this and other· courts. *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279, 72 N. W. 735; *Pautz v. Plankinton P. Co.* 118 Wis. 47, 51, 94 N. W. 654, and cases there cited. In the first of these two cases the jury found that the plaintiff sustained the injury "by falling upon uncovered machinery after being rendered unconscious by the fumes of gas escaping from a kiln in a room below where he was at work." This court has held that :·

"An employer who was negligent in keeping a large rotary saw partially uncovered is not relieved from liability for an injury to an employee by the fact that an accidental slip of the employee's foot combined with said negligence of the employer to cause the injury." *Darcey v. Farmers' L. Co.* 87 Wis. 245, 58 N. W. 382; *S. C.* 91 Wis. 654, 65 N. W. 491;. *S. C.* 98 Wis. 573, 74 N. W. 337.

See, also, *Shepherd v. Morton-Edgar L. Co.* 115 Wis. 522,. 92 N. W. 260. Thus it is said in a recent work on the subject of negligence that:

"Where, in a suit for personal injuries due to defective· machinery, it appears that the defect (insufficiently protected knives) was due to the defendant's negligence and was the *immediate* cause of the injury, the fact that the initial and' moving cause was the plaintiff's slipping on the floor, in which· respect the defendant was not negligent, will not preclude a recovery." 4 Thompson, Comm. Law Neg. § 3857.

In support of that proposition the learned author cites,. among other cases, *Swift & Co. v. Holoubek,* 60 Neb. 784, 84 N. W. 249; *S. C.* 62 Neb. 31, 86 N. W. 900; *Scandell v. Columbia C. Co.* 50 App. Div. 512, 64 N. Y. Supp. 232. Of course, under our decisions cited it is not necessary that the· proximate cause of the injury should be the immediate cause· of the injury. According to the evidence on the part of the· plaintiff in the case at bar, he was informed that he could stop the machine at any time by stepping upon the lever, but as a matter of fact it could not be so stopped while in use and

under tension. That fact was not open and obvious upon inspection. The trial court ruled out the evidence as to those facts, and thereby, in effect, held as a matter of law that the failure of the defendant to notify the plaintiff of such concealed danger was not actionable negligence. After careful consideration we are forced to the conclusion that such ruling was error. *Thompson v. Edward P. Allis Co.* 89 Wis. 523, 62 N. W. 527; *McMahon v. Ida M. Co.* 95 Wis. 308, 70 N. W. 478; *McDougall v. Ashland S.-F. Co.* 97 Wis. 382, 73 N. W. 327. In the last of these cases it was held that:

"If a master employs a servant to do work in a dangerous place, or where the mode of doing the work is dangerous, though apparent to a person of capacity and knowledge of the subject, yet, if the servant employed to do such work or in such a place, from youth, inexperience, ignorance, or want of general capacity, may fail to appreciate the danger, it is a breach of duty on the part of the master to expose him to such dangers, even with his own consent, unless he first gives him instructions or cautions sufficient to make him comprehend them and do his work safely, with proper care on his part."

See, also, *Jensen v. Hudson S. Co.* 98 Wis. 73, 82, 73 N. W. 434; *Shepherd v. Morton-Edgar L. Co., supra.*

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.