Winchel, Respondent, vs. Goodyear, Appellant.

*October 28—November 14, 1905.*

*Master and servant: Negligence: Defective appliances: Injury to servant: Proximate cause: Instructions to jury.*

1. Negligence of an employer in failing to provide proper support for a table bed in a sawmill which served to cover a circular slasher saw and prevent contact therewith is *held* the proximate cause of injuries to an employee who, without negligence on his part, slipped or fell so that his weight came upon such table bed, thereby depressing it and bringing his leg in contact with the saw.

2. Where the plaintiff's injuries would not have occurred except for the negligence of the defendant, such negligence is the proximate cause if defendant ought reasonably to have foreseen that a personal injury might result therefrom.

3. In such a case mere surrounding conditions or events within the range of natural occurrences, not the result of plaintiff's fault, do not relieve the negligent defendant from responsibility, although without them the injury could not have happened.

4. Refusal to give a requested instruction to the jury upon a point fully and correctly covered by the instructions given, is not error.

5. Per WINSLOW and MARSHALL, JJ.   First cause, initial cause, efficient cause, and proximate cause all mean the same thing in the law of negligence.  They mean the cause acting first and immediately producing the injury, or setting other causes in motion, all constituting a natural and continuous chain of events each having a close causal connection with its immediate predecessor; the final event in the chain immediately effecting the injury as a natural and probable result of the cause which first acted, and the person responsible for the first event having reasonable ground to expect at the moment of his act or default that a personal injury to some person might probably result therefrom.   Conditions or events without which the final injury could not have happened but which do not enter into the chain of responsible causation (such as in this case the nonnegligent slip of the plaintiff) cannot be said in a legal sense to have been involved in or to have contributed to. the accident.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge.   Affirmed.

This action was brought for the recovery of damages for injuries sustained by plaintiff on February 9, 1904, while employed in defendant's sawmill in the city of Tomah.   Defendant's mill, at the time of the accident, was equipped with two band saws for sawing timber.   These saws were located in the west end of the mill near the southwesterly and northwesterly corners, respectively.   The lumber was carried from these band saws on two lines of live rollers, one along the south and the other along the north side of the mill, extending nearly its entire length.   These roller lines are about three feet wide and two and one-half feet high.   The edge of the top of the south roller line is covered by an eight-inch wide plank, called the decking, and is faced by a plank two inches thick.   The rollers do not cover the ten-inch space thus made, and upon this employees walked in connection with their work and in the operation of the mill.   About thirty feet east of the band. saw and adjoining the south edge of the roller

line a slasher saw was located, covered by a table, the frames of which formed skids which extended from the south live roller line to the edger table. The table frame is on the level with the top of the decking on the roller line; the bed of the table is a little lower than the top of the decking and the table frame. The table bed covers the circular slasher saw, which runs continuously when the mill is in operation and is hung beneath the table bed upon a movable lever. When wanted for use the slasher saw is raised by the lever and projected above the table bed through a slit and is held there until it is dropped below the table bed when no longer in use. The slasher table joins the north edge of the south roller line, and, as originally built, this end of the table bed rested on a cleat fastened to the plank forming the casing of the decking of the roller line. This table bed serves to cover the saw and prevents contact with it when the saw is dropped below its surface. Part of the cleat supporting the table bed had been sawed away through contact with a new saw larger than the original. A support, extending from the floor to the under side of the table bed, was so placed as to hold up the end of the table bed formerly supported by that part of the cleat which had been removed. The table bed would remain in position though unsupported at this point, but if any weight was applied upon this end it would tip and become depressed and thereby cause the slasher saw to project through the slit and be exposed above its surface. North of the slasher table is a passageway about two and one-half feet wide leading to the plaintiff's place of work. This has gates at each end, which served as skids and were closed down when the mill was running. The foreman and all the other employees used the decking along the north edge of the south roller line adjoining this slasher table as a way in going to and from their places of work and across the mill. The decking was commonly wet and strewn with pieces of bark and slabs.

Plaintiff had been in defendant's employ for nearly a

month immediately preceding the accident. He was twenty-one years of age, and of limited experience in the work and operation of a sawmill. His first work was tying edging in the north side of the mill. This did not require him to be near, nor to pass over, the machinery in the south part of the mill. Some days prior to the accident the foreman had set him at work in a place east of the slasher table and skids, taking slabs from the south roller line and edgings from the rollers east of the edger, pulling them onto the conveyor chains upon the floor on which he stood. In performing this work he used an iron hook attached to a wooden handle. The foreman took him to this work over the decking of the south roller line which adjoined the slasher table, and he thereafter on all occasions passed over this decking in going to and from his place of work. He was not informed of any other passage, nor when the mill was running was any other passage provided or used by the other employees who had occasion to pass to and from that part of the mill where he worked. About ten days before the accident the support which had been placed under the table bed instead of the cleat became removed. The table bed was thus left unsupported up to the time of the accident. This defect was brought to the attention and notice of the millwright, who had charge of such repairs, but plaintiff had no knowledge of the defect, nor did he know but that the table was properly supported. On the day of the accident, while the mill stopped running, plaintiff took his hook to the blacksmith shop to have it sharpened. For this purpose he passed from his place of work over the decking of the south roller line and thence to the shop near the north side of the mill. Upon his returning into the building on his way to his place of work the mill started up before he approached the decking. He approached this decking near the west side of the slasher table, stepped with one foot onto it, and, while in the act of raising his other foot and body to

pass along it, he slipped, lost his footing, and the weight of his body was brought to bear upon the unsupported part of the table bed over the slasher saw. The table bed tipped and was depressed, and the saw was projected above the surface, bringing his leg into contact with the saw and severely injuring it. This case was submitted to a jury for a general verdict, and a verdict was returned finding for the plaintiff and assessing his damages at the sum of $6,800. Judgment for this and for costs was entered in his favor. This is an appeal from such judgment.

*George H. Gordon,* attorney, and *Howard T. Abbott,* of counsel, for the appellant.

For the respondent there was a brief by *E. C. Higbee* and· *Thorwald P. Abel,* and oral argument by *Mr. Abel.*

SIEBECKER, J. The plaintiff claims that the defendant was guilty of negligence in that he failed to keep the table bed over the slasher saw, described in the foregoing statement of facts, sufficiently supported to make it reasonably safe for its purposes in the operation of the mill. Defendant starts with the assertion that plaintiff has wholly failed to make out his case, and then proceeds to argue that no actionable negligence is shown because plaintiff's injuries were the result of an accidental slipping, which defendant claims occurred without his fault, and which he contends was the proximate cause of the injuries. The court properly submitted the questions of defendant's negligence and of plaintiff's contributory negligence to the jury, and, since they resolved all the submitted questions in plaintiff's favor, it follows that they found the defendant guilty of the negligence charged in the complaint and that plaintiff was free from any want of ordinary care contributing to produce the injury. No grounds for disturbing such findings have been pointed out to us, nor do we perceive any that would justify the holding that the evidence in the case does

not support these conclusions. These facts must therefore be held as established by the evidence under the verdict rendered by the jury.

The question presented resolves itself to the contention that the alleged negligence was not the proximate cause of plaintiff's injuries. This is based upon the grounds: First, that plaintiff's injuries were not the natural consequence of the alleged negligence, but that, without the fault of the defendant, they were the result of his accidentally slipping and falling; and, secondly, that, if defendant was guilty of the negligence charged, it is not actionable because he as a person of ordinary intelligence and prudence could not under the circumstances have anticipated that a personal injury to another might probably result from such negligence. The question thus presented is, Were the injuries the natural result of the alleged negligence in not providing the slasher table bed with proper support and thereby causing plaintiff to come in contact with the saw, or were they the result of his accidental slipping on the decking of the roller line before coming into contact with the table bed? The solution depends upon whether under the circumstances the injuries would have resulted except for defendant's negligence. If it is shown that the resultant injuries would not have occurred had the defendant's negligence not been involved in the accident, then we are logically led to the conclusion that the negligence was the real producing cause of the injurious consequences.

Under such circumstances, the fact that other conditions and events, not the result of plaintiff's fault, were involved does not relieve the negligent defendant from responsibility. From the time his negligent acts occur, the ensuing consequences flow from and become attributable to his conduct as the cause which controlled and led to the final event, and his negligence thus becomes the efficient cause and is proximate in its character, if he ought reasonably to have foreseen that a personal injury might result therefrom. The other sur-

rounding events, if within the range of natural occurrences, are simply conditions within which the defendant's negligence operates as the responsible producing cause of the damage inflicted. The cases of *Darcey v. Farmers' L. Co.* 87 Wis. 245, 58 N. W. 382; *Shepherd v. Morton-Edgar L. Co.* 115 Wis. 522, 92 N. W. 260; and *Yess v. Chicago Brass Co.* 124 Wis. 406, 102 N. W. 932, are cases illustrative of this rule. They go upon the ground that plaintiff may recover, notwithstanding that other events, not attributable to plaintiff's fault, are involved in and have contributed to the accident, if it appears that the injuries would not have been suffered except for the negligence of the defendant. The language quoted and employed in the opinion of the *Yess Case,* above cited, stating that the circumstances and events not attributable to the plaintiff's fault but involved in and contributing to the injury were the "initial and moving" or "originating" causes, is to be understood as meaning the surrounding conditions in which the negligence of the defendant operated as the efficient cause of the injurious consequences. Applying this rule to the facts before us, it is obvious that if the table bed over the slasher saw had been supported by the cleat or the prop which had held it in place, then plaintiff could not have come in contact with the running saw. We think the inference from the evidence is justifiable that, if the table bed had been thus supported, it would not have tipped when plaintiff came in contact with it, and it would not have become so depressed as to have exposed the saw. *Dreher v. Fitchburg,* 22 Wis. 675; *Houfe v. Fulton,* 29 Wis. 296; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342, 11 N. W. 356, 911; *Milwaukee & St. P. R. Co. v. Kellogg,* 94 U. S. 469; *Kellogg v. C. & N. W. R. Co.* 26 Wis. 223; *Atkinson v. Goodrich Transp. Co.* 60 Wis. 141, 18 N. W. 764; *Seaver v. Union,* 113 Wis. 322, 89 N. W. 163; 21 Am. & Eng. Ency. of Law (2d ed.) 494, subd. *g.*

It is further contended that, if the resulting injuries are the natural result of defendant's negligence, then under the

attending circumstances they could not reasonably have been foreseen and anticipated by a person of ordinary intelligence and prudence, and therefore no actionable negligence was proven. The evidence warrants the inference that defendant was fully informed of the relative positions of the roller line, the table, and the slasher saw, that the decking was wet and strewn with pieces of bark and wood, that it was used as a passageway by the employees in going to and from their places of labor, that the table bed was designed as a cover for the revolving slasher saw to prevent contact with it when it was not being used for cutting, and that persons were liable to come in contact with it in passing along the decking of this roller line. Nor do we perceive anything unusual or extraordinary in the character of the events that brought plaintiff into contact with the table. The incidents of the accident are not of an unusual nature under such conditions and are such as might have been anticipated under the circumstances.

"It is not required that the 'specific' injury or 'such' an injury as is complained of was or ought to have been specifically anticipated as the natural and probable consequences of the wrongful act. It is sufficient if the facts and circumstances are such that the consequences attributable to the wrongful conduct charged are within the field of reasonable anticipation." *Morey v. L. S. & T. R. Co.* 125 Wis. 148, 103 N. W. 271, and cases cited.

An exception is urged to the refusal of the court to instruct as requested on the question of defendant's having provided a passageway for plaintiff to reach his place of labor other than by going along the roller line, and that his failure to use this passage was contributory negligence. An examination of the charge discloses that the point was fully and correctly covered by the instructions given, and no error was committed by this refusal. The verdict shows that the jury found that plaintiff was free from negligence contributing to the injuries.

*By the Court.*—Judgment affirmed.

Winslow, J. (*concurring*).   I concur fully in the result
in this case, but wish to add a few words to prevent what it
seems to me may be a possible misconception of the effect not
only of this decision, but also of the decision in the case of
*Yess v. Chicago Brass Co.* 124 Wis. 406, 102 N. W. 932.
The two cases are substantially parallel so far as the ques-
tions presented in this court are concerned, and the miscon-
ception which I fear is that they may be regarded as holding
that there may be in the legal sense a first or an initial cause
which is not the proximate cause; *i. e.* that there may be a
first or initial cause setting in motion a subsequent chain of
events resulting finally in the injury which is not the respon-
sible cause, but that some subsequent event may come into the
chain and become the proximate or responsible cause.    This
idea is erroneous.   I do not think it can be reasonably gath-
ered from the opinions in the two cases named, but I fear
that there may be such an impression produced.

    "First cause," "initial cause," "efficient cause," and "proxi-
mate cause" all mean the same thing in the law of negligence.
They mean the cause acting first and immediately producing
the injury, or setting other causes in motion, all constituting
a natural and continuous chain of events each having a close
causal connection with its immediate predecessor; the final
event in the chain immediately effecting the injury as a nat-
ural and probable result of the cause which first acted, and the
person responsible for the first event having reasonable ground
to expect at the moment of his act or default that a personal
injury to some person might probably result therefrom.   There
may be pre-existing conditions or events without which the
final injury could not have happened, such as the momentary
shying of a horse on a defective highway, the inadvertent and
nonnegligent misstep of a traveler into a dangerous excava-
tion close to the sidewalk, or, as in the present case and the
*Yess Case,* the nonnegligent misstep or slip upon the floor or
passage; but none of these is to be deemed a cause of the final

injury any more than the mere presence of the injured person on the scene of the accident. They are not links, either initial or otherwise, in the legal chain of responsible causation, and should not be referred to as such, even though in ordinary nonlegal parlance they might broadly be termed causes. They are mere circumstances or conditions either existing, or to be expected in the natural order of things to occur at any time; and, as they do not enter into the chain of responsible causation, they cannot be said in a legal sense to have been "involved in" or to have "contributed to" the accident any more than any other precedent fact such as the building and operation of the mill, the employment of the plaintiff in the mill, or his very existence, though without these circumstances the injury could not have happened. So it does not seem safe to say that such a fact may have been "involved in" or may have "contributed to" the accident, for this seems to imply that it is or may be the initial fact in the chain of proximate causation resulting in the injury, which cannot be true, because, if it were such initial fact, it would also be the efficient and proximate cause, and the defendant's negligence coming into the chain of causation could not be the proximate cause. Thus in the present case the defective condition of the saw table became the cause which acted first within the rule as to proximate cause, and the misstep of the plaintiff, like the slip of the foot in the *Yess Case,* was a mere circumstance not within the chain of proximate causation, nor involved in it.

MARSHALL, J. I concur in the opinion of Mr. Justice WINSLOW.