(80 South. 429)

## EXCELSIOR BAKERY v. STRUDWICK.
### (6 Div. 594.)

(Supreme Court of Alabama.   Nov. 21, 1918.
Rehearing Denied Dec. 19, 1918.)

1. MASTER AND SERVANT ⬥129(2) — PROXI-
   MATE CAUSE OF INJURY—DEFECTIVE LEVER.

   There could be no recovery on count alleg-
ing that lever for disengaging machine was de-
fective, where it appeared that had the lever
not been defective it would have been useless
because of the absence of a loose pulley.

2. MASTER AND SERVANT ⬥276(4) — INJURY
   TO SERVANT—PROXIMATE CAUSE—ABSENCE
   OF LOOSE PULLEY.

   In action under Employers' Liability Act
for injuries received by plaintiff while operating
a "dough roller," held, under the evidence, that
plaintiff's injury could not, as a matter of rea-
sonable inference, be ascribed to the absence
of a loose pulley on the machine.

3. MASTER AND SERVANT ⬥265(4) — INJURY
   TO SERVANT—NEGLIGENCE,—PRESUMPTION.

   In cases under the Employers' Liability Act,
the employé's claim cannot be aided by the pre-
sumption that negligence characterized the cause
of his injury, it being necessary to prove negli-
gence to the reasonable satisfaction of the in-
quiring mind.

Appeal from Circuit Court, Jefferson Coun-
ty;  John C. Pugh, Judge.

Suit by Charley Strudwick against Chris
Jebeles, doing business as the Excelsior Bak-
ery.   Judgment for plaintiff, and defendant
appeals.   Reversed and remanded.

F. E. Blackburn, of Birmingham, for ap-
pellant.

Beddow & Oberdorfer, of Birmingham,
for appellee.

SAYRE, J.   Plaintiff appellee, suing under
the Employers' Liability Act (Code 1907, §§
3910–3913), brought this action against the
defendant Jebeles, doing business as the Ex-
celsior Bakery.   Plaintiff, while operating a
"dough roller" for defendant, suffered an in-
jury to his person, and his claim for dam-
ages is rested upon the allegation that the
machine was defective in that it was not
provided with a loose pulley.   The sixth and
seventh counts were framed under the su-
perintendence clause of the act, but the alle-
gation of negligence against defendant's su-
perintendent is that he caused or allowed the
machine to be without a loose pulley.

[1] The allegation of the fifth count, which
was permitted to go to the jury, was "that
the pulley lever, or lever for moving the belt
on the pulley on said machine, was defec-
tive."   The evidence showed, and it is a
matter of common knowledge perhaps, that
the function of a lever, such as was intend-
ed by this count, is to engage or disengage a
machine with the power which moves it by
shifting the transmitting belt from the loose
to the tight pulley, or vice versa.   Without
contradiction it appeared from the evidence
that, while there was a lever, and it was
rusty, it was an entirely useless appendage
to the machine, as it was because the loose
pulley had been removed long before plain-
tiff suffered his hurt.   We leave consideration
of the case under this count with the obser-
vation that unless the belt could be disengag-
ed from the tight pulley notwithstanding the
absence of a loose pulley, and unless the
fact that the lever was rusty prevented its
movement, defendant should have had the
general charge as to this count, for other-
wise the condition of the pulley could not
have been the cause of plaintiff's hurt.   This
may seem rather obvious, but it is a matter
which, though made material by the com-
plaint, seems to have had little attention at
the trial.

As for the other counts, all of them de-
pending, as we have seen, upon a finding that
the machine was defective for the reason
that it had no loose pulley, the brief for de-
fendant attacks the action of the court in
submitting them, and more especially the
second count, to the jury over his request for
the general charge, on the ground that it ap-
peared without dispute that there was no
proximate causal connection between plain-
tiff's injury and the fact that the dough roll-
er was not provided with a loose pulley.   We
think this contention should prevail as a
matter of fact upon all the evidence.

The machine was so constructed that the
dough to be rolled passed from an apron
between two rollers so arranged and revolv-
ing as to draw it in and press it into the
form of a sheet.   At the time of his injury,
plaintiff was cleaning the bottom roller, 12
inches in circumference.   This he did in what
appears to have been the customary way in
that shop, by holding with both hands a
scraper against the roller which, to use plain-
tiff's language, was turning as fast as the
power could pull it.   The witnesses all in-
ferred that the scraper came into contact
with a piece of dough that had hardened up-
on the roller, with the result that the scraper
was knocked out of plaintiff's hands, one of
which was by this sudden release caused to
pass between the rollers.   The interval be-
tween the rollers at the moment was such
that the plaintiff's hand was not injured, but
the rollers caught the thick part of his fore-
arm, causing a compound fracture thereof.
The arm was not injured above the elbow.
The machine, which was operated by electric
power, was stopped by a coemployé in the
shop who shifted a switch upon the wall.
We quote from appellee's brief:

"The evidence shows that the plaintiff was
left-handed.   The lever was at his left hand and

close at hand. The right hand was not gripped or mangled by the rollers. Their distance apart did not render the pressure great until the larger part of the arm came in contact."

[2, 3] Plaintiff testified that if there had been a loose pulley he could and would have had time to pull the lever, shift the band, and prevent his injury. His brief argues that it was for the jury to say whether he might not have thus prevented at least a part of his injury. It may be that, theoretically, plaintiff's testimony made it proper to submit this issue in the first place to the jury; but the verdict should not have been allowed to stand against defendant's motion for a new trial. Consulting common knowledge and general observation, as we must do as well as the jury, our judgment is that plaintiff's injury cannot as a matter of reasonable inference be ascribed to the absence of a loose pulley from the machine at which he was working. It is a familiar rule that in cases under the Employers' Liability Act the employé's claim cannot be aided by the presumption that negligence characterized the cause of his injury. Negligence must be proved to the reasonable satisfaction of the inquiring mind. In the brief for appellee some stress is laid upon cases in which the courts have held that dangerous machinery, cogwheels, revolving knives, and the like, should be guarded—at least, there is much quotation from cases of that character. But there can be no serious doubt that the principle of such cases can have no just application to the case now before the court. So, also, this case, as made by the pleading and evidence, finds no helpful analogy in Yess v. Chicago Brass Co., 124 Wis. 406, 102 N. W. 932, where the plaintiff's arm was slowly drawn into a machine for stopping which, until the pending operation was completed, no means whatever was provided. In that case the court held it error to exclude testimony tending to prove that the machine could not be stopped while in use and under tension, *and that the defendant failed to inform the plaintiff of that fact.* (Italics supplied.) Plaintiff's contention here is that it was defendant's duty to guard against accidents of the sort; but there is no insistence that the machine in its original shape was defective, or that there was any breach of duty in failing to inform plaintiff of the condition of the machine as it was. The specific charge is that reasonable precaution against such an accident as befell plaintiff required the provision of a loose pulley, and that, but for its absence, he would not have been injured, or that a part at least of his injury would have been prevented. Conceding that plaintiff was properly operating the machine, though there was evidence to the contrary, it is evident that one of his hands, or arms, might have been so caught between the rollers as to render the theory that by resort with the other to a lever and loose pulley he could have prevented the injury in part at least, wholly untenable. Assuming the loose pulley in place, it is to our mind highly improbable that any person, however his hand or arm might be caught by the rapidly revolving machine in question, could thereafter save himself from injury by resorting to the lever and loose pulley. At any rate, it is improbable to the last degree that plaintiff, caught as he was—and it will be borne in mind that neither the pleading nor the evidence supports a charge that plaintiff's arm was caught by reason of any negligence of defendant—could have thereafter avoided any part of his injury by the use of the loose pulley. To make that result possible would have required miraculous celerity of mental and physical action on the part of the plaintiff and an instantaneous shifting of the power-transmitting belt from the tight to the loose pulley. Neither the natural nor the mechanical apparatus in question operates or can be made to operate in that way. It results, in our opinion, that, on the evidence, there was no probability that the absence of the loose pulley had any proximate, or, for that matter, remote, causal connection with plaintiff's injury and that the trial court erred in overruling defendant's motion for a new trial.

For error in overruling the motion for a new trial the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.